Nash, C. J.
 

 In respect to actions on contracts, tire ruléis, that where a special contract is made, the action for its breach must in general be on the special contract, while it is open and unperformed; and no action of
 
 indebitatus assumpsit
 
 for any thing done under it can be brought.. The plaintiff in this cáse undertook to do
 
 certain
 
 work for the defendant for a specified sum of money, and after the work was half accomplished, abandoned it, and refused to go on with or complete it. The special contract was still open, for the defendant requested the plaintiff to finish his work. The action is upon the
 
 quantum mermt:
 
 the plaintiff merits nothing, and the law will give him nothing. The contract was an entire one and executory, and after performing a part, he wilfully and without a just excuse, and against tire will of the defendant, refused to go on with it. The contract being an entire one, performance by the plaintiff was a condition precedent, which must be averred in the declaration, in which case it must be proved, unless the opposite party has discharged him from executing it, either by refusing to let him go on with it, or by disabling himself from performing his part. If the plaintiff does not aver performance on his part, or a readiness to do so, he can recover, neither on the special contract nor on a
 
 quantum meruit.
 
 To this point,
 
 Cutler
 
 v.
 
 Powell,
 
 6 T. R. 320, is a leading and strong case. There, a sailor hired for a voyage from Kingston to Liverpool for a stipulated price,
 
 “
 
 provided he proceeded, continued and did his duty ’ ’ on board the ship, until iris arrival at Liverpool. He died on the voyage. The Court held that wages could not be recovered, either on the contract or on a
 
 quantum meruit;
 
 that the performance of the voyage was a condition precedent, which must be performed before any thing could be claimed by the sailor. A stronger case, and one more forcibly illustrating the principle cannot well be conceived. See the able note to the 2d volume of Smith’s Leading cases, page 13, where all the English and American cases are collected and digested. In the note, the American cases are arranged, arid the principles to be extracted fiom them stated. The 5th division is, if there has been an
 
 *78
 
 entire executory contract; and the plaintiff has performed a part of it; and then wilfully refuses, without legal excuse, and against the defendant’s consent, to perform the rest, he can recover nothing on the special or general assumpsit. See 25th page of same vol. of Smith. In the case of
 
 Jennings
 
 v.
 
 Camp,
 
 13 Johns. 97, the same doctrine is stated by Justice Spencer, in declaring the opinion of the Court. See also
 
 Carter
 
 v.
 
 McNeely,
 
 1 Ire. 4.48, and
 
 Festerman
 
 v.
 
 Parker,
 
 10 Ire. 474. His Honor, the presiding Judge, committed no error in refusing the instructions prayed.
 

 Peii CuRiAM. Judgment affirmed.