## W. D. RUSSELL v. J. B. STEWART.

One who contracts to deliver 100 bushels of wheat, and after delivering 50 refuses to comply further with his contract, cannot recover for the amount delivered.

(*Winstead* v. *Reid*, Bus. 76 ; *White* v. *Brown*, 2 Jon. 403 ; and *Dula* v. *Cowles*, 7 Jon. 290, approved.)

ASSUMPSIT, tried before *Logan, J.*, at Spring Term 1870 of MECKLENBURG Court.

The plaintiff testified that in the Fall of 1862 he had contracted to deliver to the defendant, at his mill, within two or three weeks, one hundred bushels of wheat, nothing being said as to the currency in which the price was to be paid, but he expecting to receive Confederate money ; that he delivered fifty bushels at one wagon load, and in about a week afterwards carried the remainder to the mill (defendant being absent) and offered to deliver it if defendant would pay him three dollars per bushel in specie, but not otherwise ; that the miller replied that he had no specie, but would pay Confederate money ; that he would not receive the latter, and refused to deliver the wheat then with him ; and that wheat was then worth one dollar and fifty cents in good money, or three dollars in Confederate money.

The defendant asked the Court to charge, that the demand of specie was under the circumstances an abandonment of the contract, and that therefore the plaintiff could not recover. This was declined, and under the instructions a verdict was found for the plaintiff, for $100.39, of which $69 is principal &c. .

Judgment accordingly ; and Appeal by the defendant.

*Dowd*, for the appellant.
*Wilson*, contra.

Settle, J. The plaintiff was the only witness, and, upon his own showing, the contract was executory and entire. He agreed to deliver to the defendant, at his mills, one hundred bushels of wheat, at the price of three dollars per bushel. He only delivered 50 bushels. The law is well established in this State, that, " where a contract is entire, and not made divisible by its terms, one of the parties cannot take advantage of his own default, either from laches or from wilful refusal to perform his part, for the purpose of putting the contract out of his way, so as to enable him to maintain assumpsit on the common counts, and thereby evade the rule ; that "while the special contract is in force, general assumpsit will not lie, and that the contract is considered to remain in force until it is rescinded by mutual consent, or until the opposite party does some act inconsistent with the duty imposed upon him by contract, which amounts to an abandonment." *Dula* v. *Cowles*, 7 Jon. 290 ; *Winstead* v. *Reid*, Bus. 76 ; *White* v. *Brown*, 2 Jon. 403.

The harshness of this rule has sometime been the subject of criticism ; but it is justified upon the ground that it is more important to compel parties to stand by their contracts, than it is, to relieve the few hard cases which arise under it.

But can *this* be called a hard case ? The plaintiff says that when he sold the wheat, he expected to receive Confederate money in payment, although nothing was said about the currency in which it was to be paid. He further states that wheat was worth only about one dollar and fifty cents in specie, and yet he demanded three dollars in specie, twice as much as it was worth, and twice as much as he expected to get for it, according to his own showing.

If the biter has been bitten, it will perhaps admonish him and others to stand firmly by their contracts in the future.

There was error.

Per Curiam.                          *Venire de novo.*