## T. PULLEN v. JOHN R. GREEN.

Where a special contract for labor is proved, which continued in force until terminated by the act of the plaintiff, he can recover only upon that contract, and only the balance due up to its termination.

(*Festerman* v. *Parker*, 10 Ired., 470; *White* v. *Brown*, 2 Jones, 403; *Winstead* v. *Reid*, Busb., 76; and *Lane* v. *Phillips*, 6 Jones, 455, cited and approved.)

CIVIL ACTION tried before WATTS, J., at Spring Term, 1876, of NASH Superior Court.

The action was instituted to recover damages for a breach of contract. The plaintiff alleged: That the defendant employed him on the 29th of December, 1874, to clerk in his store during the year 1875, for the sum of $25 per month. That he entered upon the discharge of his duties as clerk on the 6th day of January, 1875. That the defendant discharged him on the 15th day of March, 1875, without good cause and against his consent. He claimed $300 damages.

The defendant denied that he hired the plaintiff for the year, and alleged that he hired him by the month; that he discharged the plaintiff on account of his negligence in the discharge of his duties as clerk.

The following issues were submiited to the jury:

1. Was the contract for the year or by the month?

2. Was the defendant justified in discharging the plaintiff?

3. What does the defendant owe the plaintiff by reason of said contract?

The counsel for the defendant requested the Court to charge the jury: That if they responded to the first issue that the contract was by the month, they need not respond to the others, as this finding would oust the jurisdiction of the Superior Court, as the sum demanded under that contract could not exceed two hundred dollars.

The instruction was refused and the defendant excepted.

The counsel then asked the Court to charge: That if they should respond to the second issue in the affirmative, they need not respond to the third issue.

The instruction was refused and the defendant excepted.

His Honor charged the jury: That if they found that the contract was for the year, they should consider the second issue, and if they found that the defendant was not justified in discharging the plaintiff, they should give him such damages as he was entitled to from the evidence; but if they found that the defendant was justified in discharging the plaintiff, then they should respond to the third issue, $14.06, this being the difference between $57.50, the value of the plaintiff's labor from January 6th, 1875, to March 15th, 1875, at $25 per month, and $43.44, the amount paid the plaintiff by the defendant. And if in response to the first issue they found that the contract was by the month, they should also give the plaintiff $14.06. That the plaintiff was entitled to $14.06 even if they should find both of the first issues in favor of the defendant. That the defendant must pay to the plaintiff his wages as long as he remained in his employment, even if he was justified in discharging him.

The record states that the jury found in response to the first issue, that the contract was by the month. The case agreed by counsel states that it was by the year. In response to the second issue the jury found in the affirmative, and to the third, $14.06.

The plaintiff moved for judgment for $14.06, with interest. The Court allowed the motion, and the defendant appealed.

*Bunn & Williams,* for the appellant.
No counsel *contra,* in this Court.

BYNUM, J. The construction of a contract is a matter of law. But if the contract is verbal, as it was here, and the terms are uncertain and disputed, they may be submitted to the jury as a matter of fact. *Festerman* v. *Parker,* 10 Ired., 474.

An issue was directed whether the contract was by the year or the month, and the jury found that it was by the month. The case signed by counsel states that the jury found that the contract was by the year, and not by the month. The record proper must control, because that imports absolute verity. Counsel, therefore, must look to it that no such incongruity in matters material shall appear between the record and the statement of the case.

The allegation of the plaintiff, therefore, is that the contract was an entire one for the year, but the proof and fact is that it was by the month. Having been discharged for good cause in the third month of his service, of course the plaintiff in no form of action and before no tribunal, can recover more than the balance due for the time he actually served. That balance is found by the jury to be $14.06.

Even had the contract been an entire one for the year, as the plaintiff alleges, as the jury found upon the second

issue that the defendant was justified in discharging the plaintiff, he could not recover in any form of action upon either a general or special assumpsit. *White* v. *Brown*, 2 Jones, 403 ; *Winstead* v. *Reid*, Busb., 76. Nor can he recover upon a *quantum meruit*, when a special contract is proved and it appears that he has refused to perform his part of the agreement.

· In our case a special contract is found, which contract continued in force until the plaintiff himself put an end to it by his misconduct. He therefore can recover only upon that contract, and only the balance due up to its termination by his own act. *Lane* v. *Phillips*, 6 Jones, 455.

But by the contract the plaintiff is entitled to recover only $14.06, as is found by the jury. Of this amount due by contract the Superior Court had no jurisdiction. "Of all civil actions founded on contract, wherein the sum demanded shall not exceed $200, &c., the several Justices of the Peace shall have exclusive original jurisdiction," &c. Constitution, Art. IV, sec. 33.

There is error.

PER CURIAM.        Judgment reversed and *venire de novo.*