R. A. BROWN v. P. M. MORRIS.

*Statute of Frauds—Contract—Agent and Principal—Pleading*

1. A contract under which one is to make bricks on the land of another, the property in the bricks to remain in the owner of the soil until he has been paid for his clay and wood used and consumed in their manufacture, is not within the Statute of Frauds; Bat. Rev., ch. 50, § 10.

2. Where one buys from an agent the goods of his principal, under a misapprehension, not induced by the principal, that the goods belong to the agent, he cannot use as a payment or counter-claim, on a suit by the principal for the value of such goods, a credit given by him to such agent on an individual debt of the latter.

3. Where the complaint alleges a delivery to the defendant of 41,000 bricks under a verbal contract, and the proof shows a delivery to and

. acceptance by him of 41,228 bricks, the contract has been sufficiently
. performed to sustain an action for the value of the same.

(*Golden* v. *Levy*, 1 Car. L. Rep., 527; *Tull* v. *Trustees*, 75 N. C., 424;
*Johnson* v. *Dunn*, 6 Jones, 122; *Russell* v. *Stewart*, 64 N. C., 487; *Shelton* v. *Davis*, 69 N. C., 324; *Gorman* v. *Bellamy*, 82 N. C., 496, cited
and approved.)

CIVIL ACTION tried at Spring Term, 1880, of CABARRUS
Superior Court, before *McKoy, J.*

· Judgment for plaintiff, appeal by defendant.

*Mr. W. H. Bailey*, for plaintiff.
. *Messrs. W. J. Montgomery* and *Wilson & Son*, for defendant.

SMITH, C. J.   The plaintiff alleges a sale and delivery by
himself to the defendant of 41,000 bricks of the value of
three hundred and sixty-eight dollars and sixty-six cents,
(as set out in a bill of particulars annexed) and brings his
action to recover the amount due.   The defendant denies
the allegations and says that he purchased about 26,500
bricks from one Ultzman who was indebted to him, and had
given credit therefor.

The court submitted two issues to the jury, which, with
the findings are as follows:  1. Did the plaintiff under a
verbal contract sell and deliver to the defendant any bricks?
Response—" Yes."   2.  What is the value of said bricks and
interest on the same?   Response.   Three hundred and nine
dollars and twenty-one cents, with interest from March 10th,
1877, up to date.

The defendant asked the court to submit an issue, as the
only one arising upon the pleadings, in place of the others.
Did the plaintiff sell and deliver to the defendant 41,200
brick of the value of three hundred and eight dollars and
forty-six cents? which was refused.

The defendant also asked certain instructions to be given
to the jury:

1. Plaintiff is not entitled to recover because, according to his contract as testified to by Ultzman, the property in the bricks was in Ultzman, and the plaintiff had no lien by virtue of his parol contract with Ultzman that the bricks were to be his until he was paid for his dirt and wood used in their manufacture. The court decided and charged the jury that unless the property of the bricks was in the plaintiff he could not recover; that the bricks being made on the plaintiff's land by Ultzman, they could enter into a valid parol contract that the property therein should be in the plaintiff.

2. That if the defendant bought of Ultzman without notice of the arrangement between him and the plaintiff, the plaintiff cannot recover.

The court declined and instead charged in substance that they must act upon the whole testimony, and not upon that of the defendant alone, and if the bricks were the property of the plaintiff and were under a verbal contract sold and delivered to the defendant, he would be responsible therefor.

3. That this being a special contract set out in the complaint there could be no recovery upon the common count for goods sold and delivered.

This was also refused and the jury were directed to enquire whether there was any and what contract entered into by the parties, and that, if there was, the plaintiff must show a compliance with its terms on his part, and the plaintiff could only recover on the express and not on the implied contract. These rulings we proceed to consider.

The allegations of the complaint being denied, it was required of the plaintiff to prove his property in the goods, their sale and delivery to the defendant, and their price or value. These propositions were embodied and passed on in the issues submitted, and none other were necessary or proper.

Nor was there any error in the refusal of instructions

requested; first, the land on and from which the bricks were manufactured belonged to the plaintiff and it was perfectly competent for him to agree with Ultzman that the property should remain unchanged and follow the material into the manufactured article. The statute of frauds has no application to a contract concerning personalty which the brick became, and which but leaves title where it was, in the owner of the soil. Secondly, although the defendant may have supposed the property was in Ultzman, his debtor, and that payment could be made by giving a credit on the indebtedness due from him, this erroneous belief cannot have the effect of defeating the claim of the true owner, for goods sold by one who was in fact his agent only in the transaction. Contracts are binding in the sense understood by both parties, not by one only; and according to a fair interpretation of their nature and terms. There was evidence of conversations between the defendant and the plaintiff in regard to the sale of the bricks and of the terms agreed on with Ultzman, but there was none of any representations on the part of the latter of his ownership of the bricks, nor of any enquiry by the defendant in reference thereto. The bricks were sold for the plaintiff and he ratifies the act. Had there been a positive and distinct understanding that the contract of sale was by Ultzman personally, no one else could enforce it, and the plaintiff would be compelled to seek his remedy for the taking and conversion in some other form. But the proposition that because the defendant thought, without being misled by any one, that the goods belonged to the agent, the principal and owner could not recover, is without support in reason or authority. If the agent possesses due authority to make a written contract, not under seal, and he makes it in his own name, whether he describes himself to be an agent or not, or whether the principal is known or unknown, he, the agent, will be liable to be sued and be entitled to sue thereon,

and his principal will also be liable to be sued and entitled to sue thereon, in all cases unless from attendant circumstances it is clearly manifested that an exclusive credit is given to the agent and it is intended by both parties that no resort shall in any event be had by or against the principal upon it. Story Agen., § 160, a. "It is a well established rule of law that a sale by a factor creates a contract between the owner and the purchaser." *Golden* v. *Levy,* 1 Car. L. R., 527.

In *Tull* v. *Trustees,* 75 N. C., 424, a case very similar to this, the facts were these: The contract for the purchase of the bricks sued for was made with one Miller, one of the trustees of the church, whose building was then in process of construction, upon his representation that he had authority to make the purchase, and the bricks were delivered to the trustees. In fact Miller had no such authority from the trustees, and the trustees proposed to show further that they refused to buy the bricks and that Miller proposed to buy and give them to the church.

The court say: "If Miller was authorized to make the contract which he did make with the plaintiff to deliver the articles to the church, at the charge of the church, then the church is liable upon the special contract. If Miller was not authorized to make the contract, and therefore the articles were delivered, received and used without any special contract, then the defendants are liable on the implied contract. Here, the defendants labored under a similar misapprehension with Morris, and yet they were held liable for the goods, for the simple reason that they were delivered by the owner and used by the church. There is no material difference in this particular between the two cases.

Thirdly, the complaint describes the contract to be for the delivery of 41,000 bricks of the value of three hundred and eight dollars and forty-six cents, and refers to the bill of particulars annexed. This exhibit shows a succession of

deliveries and at different prices, aggregating the number and price set out in the complaint.

The instruction prayed assumes that this precise number of bricks must be proved to have been delivered and for the exact sum mentioned, in order to any recovery upon the complaint as framed.

If this particularity was necessary, the new system would be no improvement upon the old, and the very mischief it was intended to obviate would remain. But neither under the one nor the other can the position be maintained, and the fallacy lies in treating this as an action to recover upon a special unperformed contract, for the non-payment of a part of the articles delivered without the delivery, or any legal excuse for the non-delivery of the others, as decided in *Johnson* v. *Dunn*, 6 Jones, 122; *Russell* v. *Stewart*, 64 N. C., 487, and other cases of the same class.

Here, the proof was of the delivery of 41,228 an excess of 228 over the number mentioned in the complaint, so that taking the complaint in its strictest sense, there was a full compliance with the alleged contract on the plaintiff's part, and upon a well settled rule he could recover in general assumpsit.

When there has been a special contract, the whole of which has been executed on the part of the plaintiff, and the time of payment is passed, general assumpsit may be maintained and the measure of damages will be the rate of recompense fixed by the special contract. Am. notes to *Cutter* v. *Powell*, 2 Smith's Lead. Cases, and the numerous references there given.

The Code of Civil Procedure provides a more liberal system, and if the strict rules of pleading and practice, before in use, denied a remedy, it is now full and ample.

"No variance between allegation and proof, unless the adverse party has been misled is material; and if he has been misled an amendment may be made to remove the variance." § 128.

When the variance is not material the judge may direct the fact to be found according to the evidence and order an amendment. § 129; *Shelton* v. *Davis*, 69 N. C., 324.

It is a singular contention that under a contract to deliver a definite number or quantity of goods, and a delivery in excess, the vendor is not only debarred a recovery of the excess, but of such as pursued and fulfilled the contract.

But if under the contract described in the complaint and explained by reference to the accompanying exhibit, there had been delivered a smaller number of bricks, and they had been received and used by the defendant without objection, we see no reason why the plaintiff would not be entitled to compensation for such as were delivered; and we are not disposed to carry the doctrine that a partial delivery under an agreement to deliver a definite quantity or number of goods, leaves the purchaser the possession and use of such as are delivered without liability to the seller beyond the decided cases and as operating only when the failure to deliver is wilful and without legal excuse.

We had occasion at the last term in *Gorman* v. *Bellamy*, (82 N. C., 496,) to advert to the disposition of the courts to relax this rigorous principle of the common law, and to substitute the more reasonable rule, suggested by the supreme court of the United States in *Durnott* v. *Jones*, 23 Howard, 220, upon a presumed abandonment of the special contract, "that in such case the law implies a promise to pay such remuneration as the benefit conferred is reasonably worth." *Monroe* v. *Phelps*, 8 Ellis & Black, 739.

But our case is not within the rule applicable to special contracts wilfully left unperformed and clearly admits of compensation for such bricks as were delivered to the defendant, and so the case was properly left to the jury.

There is no error and the judgment is affirmed.

No Error.　　　　　　　　　　　　　　　Affirmed.