Doyle, J.
The allegations of tbe petition that Roth, a lumber broker in Cincinnati, represented to plaintiffs that, as such broker, he had sold for them to the defendant, a car load of shingles, and that such shingles were shipped by them to their own order, to be delivered to the defendant by the railroad company upon the payment of the freight, are not denied in the answer. There is no allegation in the answer, nor is there any thing in the evidence tending to show that the plaintiffs ever authorized the broker to receive payment for them, ever intrusted the broker with the possession of the property, or by. any conduct of theirs, enabled him to appear as owner of the goods, and thereby impose upon a third person who was without fault; or that the plaintiffs had any knowledge that Roth contracted in his own name and not in theirs, from which any ratification of such contract can be inferred, but the contrary affirmatively appears from the allegations of the petition. The case made by the defendant is that he dealt with Roth, believing him to be the owner, and paid him as such without knowledge of the rights of plaintiffs.
The answer contained a denial of the ownership of plaintiffs, but that was withdrawn upon the trial and the title of plaintiffs admitted. Without such denial the question now presented, might well have been raised by a demurrer to the an *103 swer. In view of the peremptory charge of the court, all the proof offered by the defendant pertinent to the issue, must be taken as true, and as that proof tends to sustain the allegations of the answer (with the denial of ownership omitted), the question is substantially the same as would be presented by such a demurrer.
The case presented, therefore, is this : A broker who is not intrusted with the possession of property, contracts in his own name to sell the same to a vendee who has no knowledge that he is not the real owner, but deals with him as such. The broker notifies his principal that he has sold for them, and directs where to ship-the property to the vendee. The owners, without any knowledge that the broker has contracted in his own name, and without any conduct on their part clothing the agent with authority, express or implied, to receive payment for them, or any possession actual or constructive of the property, deliver the same to the vendee. Will payment by the vendee to the broker under such circumstances, without knowledge of the rights of the owner, prevent the owners from recovering ?
In Baring v. Corrie, 2 B. & Ald. 137, this question is distinctly answered in the negative. “ The broker has not the possession of the goods and so the vendee cannot be deceived by that circumstance ; and besides, the employing of a person to sell goods as a broker does not authorize him to sell in his own name. If, therefore, he sells in his own name he acts beyond the scope of his authority, and- his principal is not bound. But it is said that by these means the broker would be enabled by his principal to' deceive innocent persons. The answ-er, however, is obvious, that he cannot do so unless the principal delivers over to him the possession and indicia of property.” Ibid. 148.
In Drakeford v. Piercy, 7 Best & Smith, 515, there was a declaration for goods sold and delivered; plea, that the plaintiff sold and delivered the goods by one Davies, his agent in that behalf; that defendant purchased of Davies, not as agent, but as vendor on his own account; that Davies sold as actual vendor; that defendant had no notice or knowledge to the con *104 trary until after payment; that he paid the whole price to Davies, bona fides, believing that he was vendor on his own account and entitled to receive payment. A demurrer to the plea was sustained.
After citing Barring v. Corrie, Blackburn, J., says : “ The defense of payment here must rest on the plaintiffs having by improper conduct, enabled Davies to appear as proprietor of the goods, or having clothed him with real or apparent authority to receive payment. But the plea carefully avoids any statement to that effect.”
To the same effect is Semenza v. Brinsley, 114 E. C. L. 18 C. B. (N. S.) 467.
On the other hand in Borries v. Imperial Ottoman Bank, 9 L. R. (C. P.) 38, to a similar declaration the plea was u the goods were sold and delivered to the defendants by S. & Co., then being the agents of the plaintiff, and intrusted by the plaintiff with the possession of the goods as apparent owners thereof; that S. & Co. sold in their own name as their goods, and that defendants had no knowledge that plaintiffs were the owners of the goods, &c. The plea was held to be good because of the statement, absent from the pleas in the former cases, that the agents were intrusted with the possession as apparent owners.
The American authorities sustain the rule thus established by the English courts. Wharton on Agents & Agency, §§ 712-714 ; Story on Agency, §§ 28, 33, 109, Benjamin on Sales, 3 Am. ed., 742: Seiple v. Irwin, 30 Pa. St. 514; Riggins v. Moore, 34 N. Y. 417; Saladin v. Mitchell, 45 Ill. 83 ; Brown v. Morris, 83 N. C. 254; Clark v. Smith, 88 Ill., 298; Korneman v. Monaghan, 24 Mich. 36 ; McKindly v. Dunham, 55 Wis. 515; and see Roland v. Gundy, 5 Ohio, 202.
To the rule thus established there are certain exceptions, resting upon the usages of certain lines of business. Wharton on Agency, § 713 ; Story Agency, § 109 ; Benj. Sales, § 742. But such usages are matters to be pleaded and proved, and are wholly absent from the case at bar.
The distinction between this case, a.nd one where an agent is acting within the scope of his authority, or a bailee, factor *105 or commission merchant, intrusted with the possession of the property and the power to sell, and thus enabled to deal with it as his own, is very apparent. In the latter cases like Thorne v. Bank, 37 Ohio St. 254, where the agent sells the property, receives payment and appropriates it to his own use, the loss must fall upon the principal who confides in the agent and places the power in his hands to deceive purchasers.
The question submitted to the jury, whether defendant had knowledge of plaintiff’s claim was not controlling. Its determination in favor of the defendant, would not have defeated plaintiff’s recovery. It was therefore an immaterial issue, and the peremptory charge was right. There were no facts in the case that tended to show a ratification of the unauthorized contract of the agent, for the reason that such unauthorized contract was not known to the plaintiffs. Bennecke v. Insurance Co., 105 U. S. 360. Defendant had the means of knowledge at his command, and tiie fact that Roth had not the possession of the property he was selling, was sufficient to require of defendant that, before payment, he should ascertain to whom payment was due.
There was no error in admitting the deposition. Where a witness is competent and the testimony relevant, and no exceptions are taken to it before the commencement of the trial, the objection is waived. Rev. Stats. § 5285. Besides, in the view we take of the case, there could be no injury to the defendant thereby.

Motion overruled.