*J. K. SIMPSON AND FRANK K. DAVIS v. CAROLINA CENTRAL RAILROAD COMPANY.

### Contract—Quantum Meruit.

1. Where, on issues raised by the allegations in two causes of action— one on a special contract and the other on a *quantum meruit*—with the corresponding denials in the answer, the jury found that plaintiffs had not complied with the terms of the written contract and defendant was not indebted to them thereon, but that defendant was indebted to them for work and labor done for the amount claimed: *Held*, that the findings were not inconsistent or contradictory.

---

*BURWELL, J., having been of counsel, did not sit.

2. In such case, although plaintiffs had not complied with the contract in all respects, if defendant took advantage of the work done and accepted and used the same without giving plaintiffs notice of objection and an opportunity to correct defects and complete the job, but completed it with its own force, plaintiffs are entitled to recover the reasonable value of the work done, not exceeding the amount demanded in the complaint.

CIVIL ACTION, commenced before a Justice of the Peace and tried on appeal at the Special Term, 1892, of RUTHER-FORD Superior Court, before *Hoke, J.*

The plaintiff Simpson filed a formal complaint, afterwards adopted by plaintiff Davis when made a party. The plaintiff declared, first, on the following special contract: "I, Frank Davis, do hereby contract to finish a well at Rutherfordton depot for the Carolina Central Railroad Company, started and dug to a depth of twelve feet by R. L. Taylor, said well to be fifteen feet square and as deep as they may deem necessary to furnish an ample supply of water for their purposes; said well to be paid for when finished, at the following prices : for dirt, three dollars per foot for each foot in depth, and if solid rock is struck, the hands to be paid wages by the day, prices to range from seventy-five cents to one dollar and twenty-five cents; said well to be curbed by me as planned by said Carolina Central Railroad Company, they furnishing lumber, and to recurb the portion dug by R. L. Taylor, in a good and substantial manner—in consideration of which the said company agrees to pay me the sum of ten dollars. I also agree to finish said well in 'a reasonable length of time." (Signed and sealed by plaintiff Davis).

The second cause of action was a declaration on a *quantum meruit.*

The action was commenced in the name of the plaintiff J. K. Simpson against defendant company, who claimed to be assignee of contract, and owned same. It was proved

that said J. K. Simpson had paid the hands employed in work, and advanced supplies to further same for Frank Davis, with whom defendant company had contracted, and under an arrangement and agreement with Davis to own contract to amount advanced, and until he was repaid. On motion, in the Superior Court, Frank Davis, with whom the contract was made, and who did the work sued for, was made party plaintiff, to which there was no exception, said Davis adopting pleadings already filed.

There was evidence by plaintiff tending to prove that plaintiff had, in all things, complied with his contract; that defendant had accepted of the well and work of plaintiff, and that no notice was given to plaintiff that there was any objection made to the manner in which the work was done until some time after he had completed the job and the work had been turned over to defendant company, and when plaintiff had demanded his pay; that the work done by defendant was worth $200.

There was evidence on the part of defendant that the well was not dug according to specifications, and did not comply with 'requirements of the contract; that the supply of water was not at all sufficient, and that the company, at considerable additional expense, had, by its own workmen, and some time after plaintiff turned over job, completed work of making well sufficient for the purposes of the company.

Defendant admitted by its witness, Somerset, that the company had not notified plaintiff Davis that the work was not up to contract, and that said company had put a force of hands on the work, who completed the job, and that it had not given Davis any opportunity to remedy defects complained of except when he demanded the money, some several months after the work was turned over by Davis. They had refused to pay because the work had

not been properly done.    Defendant further admitted that the company had not paid Davis anything on account of the job, and that in completing the well the company had used the work done by Davis.

Three issues were submitted, the first two relating to the special contract and the third to the *quantum meruit*, as follows:

1. Did the plaintiff Davis comply with all the stipulations of said contract?

2. Is defendant indebted to plaintiff on the special contract, and if so, in what amount?

3. Is defendant indebted to plaintiff for work and labor done on the well, and if so, in what amount?

The Court, on the first and second issues, charged the jury, after explaining the requirements of the contract, etc., that in order to recover on the special contract it was necessary for the plaintiff to establish to the satisfaction of the jury that he had himself complied with all the stipulations and requirements of the contract, and unless he had done so the jury should answer the first issue, "No," and second issue, "Nothing."

The Court gave, in substance, the first and second requests for instruction, but declined to give the third, sixth, seventh and eighth requests, and gave the ninth in substance.

On the fourth request the Court gave so much thereof as directed the jury that the plaintiff must, to recover on the first and second issues, prove compliance on his own part, and declined to give so much of request as stated that there was no evidence to show that defendant had prevented such compliance.

The charge on the first two issues is not set out in detail for the reason the jury found such issues in favor of defendant.

The Court further charged, if the jury should find that plaintiff had, in all things, complied with the contract, they should answer first issue, "Yes," and second issue, "the contract price, according to its terms," and need not consider the third issue. If, however, the jury should answer the first issue, "No," they should answer the second issue, "Nothing," and should further consider the evidence on the third issue. If the jury should find the facts to be that plaintiff had not, in all things, complied with his contract, and should also find that the defendant had taken advantage of work done by plaintiff and accepted and used same without notifying plaintiff there was objection, and without giving plaintiff opportunity to correct the defects complained of, and had completed the job with its own force of hands, without giving plaintiff notice and opportunity to do so, in such case plaintiff could recover of defendant the reasonable worth of the work done by plaintiff, not to exceed $175, the amount demanded.

The jury, in response to the issues, answered "No" to the first, "Nothing" to the second, and "$175" to the third.

There was judgment for the plaintiff,. and defendant appealed.

Four of the assignments of error were on the ground that the plaintiff was not entitled to judgment, or the judgment for costs should be rendered for defendant on the findings of the jury.

*Mr. M. H. Justice*, for plaintiff.

*Messrs. W. H. Neal, Jones & Tillett* and *P. D. Walker*, for defendant (appellant).

AVERY, J.: The issues having been raised by the allegations set forth in the two causes of action (the one on the special contract and the other on the *quantum meruit*), with

the corresponding denials in the answer, the findings upon them were not inconsistent or contradictory, as counsel for the defendant contended. Though the plaintiff Davis could not recover on the special contract on account of the failure to show compliance with its terms on his own part, yet, if he satisfied the jury that the defendant received and used the well without notifying him of any defect in the work until payment was demanded, or that the work previously done proved beneficial to the defendant after the well was taken charge of by its agents without objection, the plaintiff was entitled to recover, as on the common counts, for work and labor done. *Byerly* v. *Kepley*, 1 Jones, 35; *Dover* v. *Plemmons*, 10 Ired., 23.

Had the defendant notified the plaintiff that the work was not done as the company "deemed necessary to furnish an ample supply of water for their purposes," and given him an opportunity to remedy defects and complete the job with his own force instead of enlarging the well and sinking it deeper without notice to him, he could not have recovered unless he had shown that he complied with its reasonable demands. *Winstead* v. *Reid*, Busbee, 76. The instruction given by the Judge was in accord with the principle we have announced, and embodied a clear and succinct statement of the law applicable to the second cause of action.

As all of the assignments were founded either upon the contentions that the plaintiff was not in any aspect of the evidence entitled to recover, as upon a *quantum meruit*, or that the Court could not proceed to judgment on the verdict, we do not deem it necessary to discuss them in detail.

No Error.