GEORGE R. DIXON v J. O. W. GRAVELY.

*Action on Contract — Assumpsit — Quantum Meruit—*
*Work and Labor done—Trial.*

Where an action was brought upon a specific contract to pay
money for work performed by the plaintiff on defendant's
building and the parties on the trial treated it as one also on
the *quantum meruit* for work and labor done, and it
appeared that the defendants received and used the build-
ing for his own benefit after the plaintiff completed his work,
the plaintiff was entitled to recover as upon the common
count for work and labor done.

CIVIL ACTION on contract begun in a Justice's Court and
tried on appeal therefrom before *McIver, J.,* and a jury, at
June Term, 1895, of EDGECOMBE Superior Court.  There
was a verdict for the plaintiff and defendant appealed from
the judgment thereon.   The facts appear in the opinion of
Chief Justice FAIRCLOTH.

*Mr. John L. Bridgers,* for plaintiff.
*Messrs. H. G. Connor* and *Jacob  Battle,* for defendant
(appellant).

FAIRCLOTH, C. J.:   The rules of law governing special
contracts and *quantum meruit* have been  so fully and so
often declared by this Court that they are easily understood
and their application is not difficult when the facts are
clearly presented.   In this case, as frequently happens, the
confusion grows out of the informality of the pleadings
and the difficulty of understanding from the records what
really occurrd in the proceedings in the Superior Court.
If in such cases we miss the point, it results from our
inability to rightly apprehend the procedure below.

We gather the following from the record in this case:
That Coghill contracted with defendant to build him a

prize house of specific dimensions and for a specific price, the house to be covered with good shingles. Subsequently they agreed to modify the contract by substituting a tin roof, with additional compensation, and Coghill engaged the plaintiff to put on the tin roof, and later gave an order to the plaintiff for $300, for tinning roof, drawn on the defendant who accepted the same "if roof proves satisfactory." The issues submitted were.

"1. Was the roof mentioned in the pleadings constructed according to the contract?

"2. If not, what damages has the defendant thereby sustained?

"3. Is the defendant indebted to the plaintiff, and if so in what amount?"

The first two were offered by defendant and the third by plaintiff without objection.

The balance due on plaintiff's account as presented by him and his evidence, was $180.34 and the jury answered the first issue No, the second $90.17 and the third $90.17 and judgment for plaintiff was rendered for the latter sum and costs.

The parties entered the trial and offered evidence of the defective character of the roof, the payments made, the repairs by the plaintiff of leaks in the roof when discovered, and it is admitted that the defendant accepted the building and has used it for storing tobacco ever since.

It is evident that the action was commenced upon the specific contract, that is, upon the order accepted by the defendant conditionally and we think it equally clear that the parties on the trial treated it as one also on the *quantum meruit* for work and materials furnished. This we infer from the evidence, the charge of the court and the presence of the third issue without objection, and the responses of the jury to the several issues. Upon no other

theory was the third issue appropriate. No instructions were asked for by defendant, and his exceptions to the charge were upon the theory that the trial was upon the special contract exclusively, which we find was not the case. The defendant having received and used the building for his own benefit, the plaintiff was entitled to recover as upon the common count for work and labor done. *Dover* v. *Plemmons*, 10 Ired., 23 ; *Simpson* v. *Railroad*, 112 N. C., 703, and the amount is fixed by the jury.

Judgment Affirmed.