A. D. RABY v. M. E. COZAD.

(Filed 13 December, 1913.)

1. **Contracts—Breach—Quantum Valebat—Benefits.**

The recovery on a *quantum meruit* or *quantum valebat* is allowed upon breach of a special contract between the parties where the defendant has been properly apprised that it would,

RABY v. COZAD.

in the event of the breach, be insisted upon, and where substantial or appreciable benefit has been received and enjoyed by the party charged under the circumstances, which renders it inequitable that any and all recovery should be denied.

2. Same—Instructions—Appeal and Error.

When the evidence is conflicting and the defendant contends that the contract sued on was that the plaintiff was to have obtained options on certain lands and his services therefor paid only if the defendant sold the lands to a certain contemplated purchaser; that such sale had not been made and no benefit had consequently been received by him, it is error for the judge to charge the jury, if they found that the minds of the parties had not come together in making the alleged contract, the plaintiff was entitled to recover upon a *quantum valebat*, and reversible error when it appears from the verdict that the instruction influenced the finding upon the issue.

APPEAL by defendant from *Ferguson, J.*, at Fall Term, 1913, of GRAHAM.

Civil action on a money demand for $700. On issue submitted, the jury rendered the following verdict:

"In what sum is defendant M. E. Cozad indebted to plaintiff, if anything? Answer: $350."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*M. W. Bell for plaintiff.*
*Zebulon Weaver and J. N. Moody for defendant.*

HOKE, J. The plaintiff alleged and testified in effect that he entered into contract with defendant, by which the latter agreed to pay plaintiff at the rate of 50 cents per acre for all the options he would obtain on certain lands in the county of Graham; that pursuant to said contract he obtained options on not less than 1,400 acres of the land referred to, and turned them over to defendant, and had received nothing for same, and there was due him not less than $700, as per terms of contract.

Defendant denied any and all liability on the demand, and, testifying in his own behalf, said among other things: "That he wished to obtain options on certain lands in said county

RABY *v.* COZAD.

adjacent to or near the property of the Whiting Manufacturing Company for purpose of selling the same to said company, and he agreed with plaintiff to pay him the amount per acre for obtaining the options on all the lands that the Whiting Company would take, and not otherwise. That the Whiting Company had refused to take any of the lands, and that according to the contract and agreement, there was nothing due from defendant to plaintiff."

The court submitted to the jury the opposing views presented by this evidence, and in addition charged the jury as follows: "Or if you shall find from the evidence that the plaintiff, at the instance of the defendant and at his request, procured the options on the lands adjoining the Sumner lands, and in contemplation of the sale of these lands to the Whitings, and that their minds did not come together, and the defendant understood that he was to have pay for it regardless of whether the Whiting Company accepted the lands or not, then there will be no agreement as to when or how the payment should be made. And if you should so find, and having found, if you so do, that the plaintiff undertook the work for the defendant, then the plaintiff would be entitled to the value of his services in getting up options, although the Whiting Company may not have taken the options on the lands."

The jury rendered a verdict for $350, and defendant excepted and appealed, assigning for error the portion of the charge as specified.

There are many decisions in this State upholding recoveries on a *quantum meruit* or *quantum valebat,* notwithstanding the existence of a special contract between the parties, as in *Dixon v. Gravely,* 117 N. C., 84; *Simpson v. R. R.,* 112 N. C., 703. But this principle has been allowed to obtain in cases where, as in the authorities cited, either from the pleadings or nature of the demand itself the defendant has been properly apprised that this position would be insisted on, and where substantial or appreciable benefit has been received and enjoyed by the party charged and under circumstances which render it inequitable that any and all recovery should be denied. In the absence of

the conditions suggested, the proper rule is that where there is definite and specific agreement controlling the contract relation between the parties, their rights must be adjusted and recoveries allowed or denied according to the agreement between them. *Corinthian Lodge v. Smith,* 147 N. C., 244; *Pullen v. Greene,* 75 N. C., 215; *Russell v. Stewart,* 64 N. C., 487; *Winstead v. Reid,* 44 N. C., 76.

In the present case plaintiff claimed that under the contract he was to be paid for the options a definite sum. The defendant, that payment was to be made only in case the lands were bought by the Whiting Company, and that the company has failed or refused to take over any of the property, and that no benefit whatever had accrued to him by reason of plaintiff's work.

Neither side contended that recovery could be allowed on the common counts, and under the authorities and on the facts in evidence the case is not one which required or permitted that such a view be submitted to the jury. It is evident, too, that the portion of the charge excepted to has affected the result, the jury having rendered a verdict for just one-half the amount due by the terms of the alleged contract, if there was a breach. For the error indicated the defendant is entitled to a new trial, and it is so ordered.

New trial.