M. H. WEAVER, Adm'r, *v.* D. M. JONES, Adm'r.

*Motion to set aside Judgment—Practice.*

Where attorneys who had for six years represented a defendant, after his death assume to represent his administrator, who was his son living in another county, and consent to the administrator's being made a party without actual service of notice; and six years after the verdict for plaintiff the defendant administrator moves to set aside the judgment because he had no notice of his being made a party and had not retained the attorneys to represent him; *Held*, that as defendant's affidavit did not show a meritorious defence, made no allegation of mismanagement upon the part of counsel, and gave no explanation of the long delay in making the motion, the motion was properly refused.

(*Doyle* v. *Brown*, 72 N. C., 393; *Pender* v. *Griffin, Id.*, 270, cited and approved)

MOTION to vacate a Judgment heard at Fall Term, 1879, of HENDERSON Superior Court, before *Graves, J.*

The motion was refused and the defendant appealed.

*Messrs Reade, Busbee & Busbee* and *S. V. Pickens*, for plaintiff.

*Messrs. G. S. Ferguson* and *Merrimon & Fuller*, for defendant.

SMITH, C. J.   This action, commenced in 1866 in the county of Polk and in 1867 removed to Henderson, was depending in the superior court thereof at the death of the defendant's intestate in 1872, and a month afterwards administration on his estate was committed to the defendant. At fall term, 1873, under an arrangement previously entered into between the counsel for the plaintiff and the intestate, the original defendant, who assumed still to represent the administrator, that no formal process need issue to make him a party, an order was entered making the defendant a party as of the preceding term and the record states as follows: " The defendant comes into court and pleads no assets, fully administered and especially the amnesty act of the general assembly of North Carolina, passed at its session 1866–'67."   Thereupon the jury were impaneled, the cause tried, a verdict rendered for the plaintiff and judgment entered accordingly.   At fall term, 1879, upon a verified application and for the reasons therein assigned, the defendant moved the court to set aside the judgment, and from the refusal to do so he appealed to this court.

Upon hearing the motion, the judge finds as facts that no notice or other process issued to the defendant, after the death of the intestate, his father, to make him a party to the action, and that he gave no authority to the attorneys previously employed by the intestate to conduct the defence to represent himself, or to make him a party, although they acted in good faith in continuing to act as such.

The defendant's affidavit sets out the facts found by the court, and avers further that when the trial occurred he resided in Macon county and knew nothing of its taking place. It does not allege a meritorious defence; any omission or mismanagement of counsel to his prejudice; when he first had knowledge of the trial and its result; whether he took any and what action on learning the facts, before making the present motion; nor is any excuse or explanation given

of his long delay and inaction. These are matters peculiarly within his own knowledge, and material in repelling the inference of his acquiescence and implied ratification of what was done. The motion rests upon the simple proposition of the want of service of legal process and the absence of any direct re-employment of the counsel, retained by the intestate, to continue in the defence.

We concur with His Honor that upon these facts, the plaintiff was not entitled to his motion and it was properly overruled. While the court has an undoubted right to amend the records and vacate an erroneous judgment, the power should be used with care and discretion, more especially where there has been great remissness in invoking its exercise, and interests acquired upon the faith of the integrity and stability of the record may be injuriously affected. The subject matter of the suit was of such notoriety in the county in which it was brought, as to induce the intestate to have it removed to another; and for six years after its termination, the defendant slumbers upon his rights before his activity is quickened to seek redress for his wrong. The record is in proper form, his defences are put in, himself represented by counsel, no suggestion of an unfair trial or wrong in the verdict, a delay of many years without an explanation; the inference may be fairly drawn of acquiescence and ratification of what was done by the appearing attorneys, of equivalent legal force to a previous employment. The want of service of process is not a patent defect, rendering the judgment void upon its face, for the record shows the defendant's presence, but the fact is found upon evidence *aliunde*, and an order of vacation becomes necessary. *Doyle* v. *Brown*, 72 N. C., 393; *Pender* v. *Griffin, Id.* 270.

When the facts are ascertained, the vacating or refusing to vacate a judgment is not a matter of uncontrolled discretion but of legal right, and hence the judge correctly held that upon the case made in the application, the record was

not successfully impeached and was conclusive. Freeman on Judg., § 102; Weeks on Attys., § 200 *et seq.*

The judgment must be affirmed and it is so ordered.

No error.                .                 Affirmed.