J. B. ALEXANDER v. P. F. PATTON, Adm'r.

*Executors and Administrators—Parties.*

Where the record shows that a party through his counsel assumed the defence of an action as administrator, the regularity of his admission as a party in place of his intestate is sufficiently established, though the death of the intestate as having occurred during the progress of the cause was not suggested, and no service of the notice issued to him appeared–to have been made.

( *Weaver* v. *Jones*, 82 N. C., 440, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of BUNCOMBE Superior Court, before *Avery, J.*

This action was originally brought against Minerva Patton, to recover upon a bond for three hundred and fifty-eight dollars, executed by her to the plaintiff on the 26th of Octobe, 1872. On the trial, the court gave judgment against the defendant administrator, from which he appealed.

*Messrs. M. E. Carter* and *J. H. Merrimon*, for plaintiff.
*Messrs. Reade, Busbee & Busbee*, for defendant.

SMITH, C. J. In examining the record, we are at a loss to understand upon what ground and for what supposed erroneous rulings the appeal is taken. The action is upon a sealed note of the defendant to recover what is due, and its execution is admitted by the defendant. The answer, however, proceeds to set up a counter demand for goods sold to the plaintiff and not specified, for which the plaintiff was indebted at the time of giving her note—her misplaced confidence in the plaintiff who was in her service—and other matters in avoidance, every material averment in relation to which is directly and positively denied in the replication, which also interposes the statute of limitations as a bar to recovery.

The record does not mention the death of the defendant, Minerva Patton, as occurring during the progress of the cause, but it contains a copy of a notice issued in April, 1882, by the clerk, but the service does not appear, to P. F. Patton to appear and show cause why he should not be made a party defendant, and thereafter his name appears as administrator of Minerva Patton, in place of hers as defendant.

At the trial, his counsel appeared and asked for a continuance on account of his personal absence, and on being refused, stated to the court that the defendant had no testimony to offer in support of the counter claim, and would waive a trial by jury. Thereupon, the plaintiff's claim having been confessed and no evidence having been introduced to sustain the defences in the answer, the court rendered judgment for the amount due upon the face of the note.

Now it is not material that the record should show with greater particularity the death of the original defendant, Minerva, for the presence of the defendant in his capacity as her personal representative in the suit, and his assuming the defence through counsel, and his concessions at the trial, sufficiently establish the regularity of his admission as a party in the cause and in place of his deceased intestate. Indeed, the record shows no exception which we can consider under the rules, and the judgment must be affirmed, at the costs of the defendant. *Weaver* v. *Jones*, 82 N. C., 440.

Affirmed.