J. G. L. ENGLAND and others v. EDMUND GARNER and others.

*Judgment—Judicial Sale—Attorney and Client—Non-residents.*

1. The judgment of a court having jurisdiction of the parties and the subject matter, though irregular, is valid until reversed ; and if reversed, a purchaser in good faith at a sale made in pursuance of such judgment will be protected.

2. An appearance by counsel, even without authority, is regular upon its face, and upon the facts here, binds the party for whom the appearance was made.

3. A judgment against an infant is not absolutely void, but irregular ; and if set aside, the interest of a *bona fide* purchaser under the judgment without notice will not be affected.

4. The courts, being open to non-residents in asserting their right to property here, will go no farther in protecting them than residents from the consequences of unreasonable delay.

(*Jennings* v. *Stafford*, 1 Ired., 404; *Williams* v. *Harrington*, 11 Ired., 616; *University* v. *Lassiter*, 83 N. C., 38; *Ivey* v. *McKinnon*, 84 N. C., 616; *Sutton* v. *Schonwald*, 86 N. C., 198; *Gilbert* v. *James*, *Ib.*, 244; *Morris* v. *Gentry*, 89 N. C., 248; *Rogers* v. *McKenzie*, 81 N. C., 164; *Weaver* v. *Jones*, 82 N. C., 440; *White* v. *Albertson*, 3 Dev., 241; *Marshall* v. *Fisher*, 1 Jones, 111; *Doyle* v. *Brown*, 72 N. C., 393, cited and approved).

CIVIL ACTION tried at December Special Term, 1883, of MOORE Superior Court, before *MacRae, J.*

The plaintiffs instituted this action on August 7, 1880, and ask that the orders and decrees in an *ex-parte* proceeding, in the late court of equity of Moore county, for the sale of land for partition, be set aside and declared void, and that they be decreed owners of the land and entitled to the possession thereof.

The facts alleged in the complaint and material to the case are, that in the year 1835, J. W. England removed with his family to the state of Alabama, and died in 1849 seized of certain lands in Moore county in this state, and the plaintiffs are his heirs-at-law, and residents of Alabama.

At spring term, 1860, an *ex-parte* petition was filed by A. R. Kelly, attorney at law, on behalf of the heirs of said England (the plaintiffs in this action), to sell the land for partition. Order of sale was granted, and a sale made on September 27, 1860, and confirmed at fall term, 1861. But the plaintiffs allege they knew nothing of this proceeding until 1874, when they were informed that the land was sold for partition among them as tenants in common, and that they have received none of the proceeds of said sale. They were also informed that their attorney instituted proceedings in August, 1878, to set aside the decree. See 84 N. C., 212, and 86 N. C., 366.

In 1867, A. R. McDonald, attorney at law, appeared for the petitioners, and rules were served upon the defendants in this action, who were the purchasers at said sale or their grantees, to show cause why the purchase money should not be paid, which rules were discharged. These proceedings were also had without the knowledge of the plaintiffs, one of whom (J. G. L. England) was a minor when the said *ex-parte* petition was filed.

The defendants demurred to the complaint upon the grounds:

1. It does not allege that the purchasers had any knowledge of any fraud or irregularity in the proceedings, or want of anything in the attorneys.

2. It does not state that the purchasers had notice that the plaintiff J. G. L. England was a minor.

3. It is not stated that said Kelly was insolvent or ever had been, or that said McDonald was insolvent until 1878.

His Honor sustained the demurrer and the plaintiffs appealed.

*Messrs. John Manning* and *R. P. Buxton*, for plaintiffs.
*Messrs. Hinsdale & Devereux*, *McIver & Black*, *W. E. Murchison* and *W. A. Guthrie*, for defendants.

MERRIMON, J.   It is well settled upon principle and authority, that where it appears by the record that the court had jurisdiction of the parties and the subject matter of an action, the judgment therein is valid, however irregular it may be, until it shall be reversed by competent authority; and although it be reversed, a purchaser of the real estate or other property at a sale made under and in pursuance of such judgment while it was in force, and which it authorized, will be protected.   All that the purchaser in such case is required to know, is, that the court had jurisdiction, and made the judgment upon the faith of which he purchased, and that such judgment authorized the sale.   If this were not so, courts of justice would be worse than mockeries—their judgments and decrees would be snares and pitfalls for honest people—respect for and confidence in them would justly to a great extent be destroyed, and the effect upon society would be ruinous in a high degree.   No one, whether he purchased immediately or mediately at such a sale, could be sure that he had purchased anything, much less a good title to the property sold, as against parties to the record.

It is a rule of law founded in sound policy as well as justice, that persons who purchase at judicial sales in good faith, shall

be protected against the errors and irregularities of the court, and the laches of parties which they cannot see, and about which they have no opportunity to inform themselves. *Jennings* v. *Stafford*, 1 Ired., 404; *Williams* v. *Harrington*, 11 Ired., 616; *University* v. *Lassiter*, 83 N. C., 38; *Ivey* v. *McKinnon*, 84 N. C., 651; *Sutton* v. *Schonwald*,. 86 N. C., 198; *Gilbert* v. *James*, *Ib.*, 244; *Morris* v. *Gentry*, 89 N. C., 248; *Gray* v. *Brignardello*, 1 Wall., 627; Freeman on Judgments, §§509, 510.

According to the allegations in the complaint, the defendants, or those under whom they claim, purchased the land in controversy, at a judicial sale, under an apparently regular decree of the court of equity of Moore county authorizing it, granted in· a suit wherein it *appears by the record* that the court had jurisdiction of the parties and the subject matter, and the parties to that suit are the present plaintiffs, or parties under whom they claim. It thus appears that the defendants, in respect to the purchase of the land mentioned in the complaint, are within the rule of law above stated, and they are therefore entitled to the protection of the court.

It is urged with much earnestness by the counsel for the plaintiffs, that the plaintiffs did not in fact personally appear in the court of equity in the suit mentioned, nor did they authorize counsel to bring the suit in their names, or represent them in that or any suit. The record, however, shows that they did institute the proceeding to sell the land in the court of equity, and that they were represented by counsel, and the court took jurisdiction of them and the subject matter of the proceeding. The presumption is, that they brought the suit, that counsel appeared therein by their authority, that the court had actual knowledge of their appearance, took jurisdiction of them and the subject matter, and granted the decree of sale in the orderly course of procedure.

There is no allegation that the defendants, or those under whom they claim, purchased with notice of any fraudulent prac-

tice in procuring the sale to be made, or irregularities in the record. It appeared to them, that the court had jurisdiction of the parties, the subject matter, and complete authority to make the decree. It must be taken that the counsel had authority to represent the parties in bringing and prosecuting the suit to its termination. An appearance by counsel, even without authority, is regular upon its face and is a good appearance in court. *University* v. *Lassiter, supra*; *Rogers* v. *McKenzie*, 81 N. C., 164; *Weaver* v. *Jones*, 82 N. C., 440.

It is alleged in the complaint that one of the plaintiffs was an infant at the time the proceedings in equity were instituted. It seems, however, he came of age pending the proceedings of the court. Be that fact as it may, the court recognized and took jurisdiction of him in the proceeding as a party of age, and represented by counsel. If he were an infant, this fact did not render the judgment as to him absolutely void; it was irregular, and might, upon proper application, have been set aside, not, however, to the prejudice of *bona fide* purchasers without notice. *White* v. *Albertson*, 3 Dev., 241; *Williams* v. *Harrington, supra;* *Marshall* v. *Fisher*, 1 Jones, 111; Freeman on Judgments, §513.

It was insisted that the plaintiffs were non-residents long before, at, and after the time the proceedings in equity were instituted, and this fact ought to serve as a protection to them. We cannot appreciate the force of this suggestion. The courts were open to non-residents as well as residents—both stood on the same footing, and there was no barrier to prevent the plaintiffs from coming to this state and at all times to care for their property and interests here. They certainly, according to their own showing, greatly neglected their property in this state, and there is a strange and unexplained delay in looking after the matters of which they complain. They may, however, have suffered, and this is to be regretted, more particularly if it happened through irregular proceedings in court, but their misfortune cannot be ground for overturning an important and well settled principle of law, and a great number of our own decisions.

It was contended on the argument that *Doyle* v. *Brown*, 72 N. C., 393, sustained the plaintiffs' contention. We have examined that case and do not think that a proper interpretation of it is in conflict with what we have here said.

We are of the opinion that, as against the defendants, the plaintiffs have not stated in their complaint facts constituting a cause of action.

The judgment of the court below must therefore be affirmed.

No error.                                          Affirmed.