FRANCIS L. EDWARDS et al. v. AUGUSTUS M. MOORE.

*Judicial Sales—Action to Recover Land—Evidence—Record.*

In an action to recover land where the defendant set up title under a
decree of the Court in which the premises had been sold to make as-
sets, and the record showed that plaintiffs had accepted service of the
summons in the proceeding in which the decree was made; *Held:*

1. That the record could not be collaterally attacked by evidence that
the acceptance of service was made by one who had no authority.

2. The Courts will be slow to exercise the power to vacate judicial pro-
ceedings where persons relying upon their integrity have acquired
rights thereunder, or where the parties asking such relief have al-
lowed a long time to elapse and no meritorious reason is shown.

CIVIL ACTION to recover land, tried before *Avery, J.,* at.
Spring Term, 1887, of CHOWAN Superior Court.

The plaintiffs claimed title as heirs at law of T. J. Bland,.
deceased, and the defendant claimed under a purchase from.

R. B. Bland, administrator of T. J. Bland, at a sale made in pursuance of a decree in the case of R. B. Bland, administrator of T. J. Bland, deceased, against the heirs at law of his intestate, made July 6th, 1869, to sell the land described in the complaint in this action to make assets to pay the debts of the deceased.

The plaintiffs introduced the record of that proceeding, which shows:

1. The petition for an order of sale, which is set out in full in the record;

2. The order of sale dated July 6th, 1869;

3. The summons in the cause, dated 6th of July. 1869, and endorsed as follows: " Filed 6th July, 1869; Wm. R. Skinner, clerk;" and also, "Service accepted, T. B. Bland, F. M. Edwards and wife F. L. Edwards, J. C. Fletcher and wife M. G. Fletcher, Martha P. Rogerson, by T. B. Bland;"

4. Report and confirmation of sale, and order for title, September 30th, 1869.

The following entry appeared on the docket: " R. B. Bland, administrator, *v.* T. J. Bland's heirs at law; petition to make real estate assets; prayer granted; service accepted by the heirs at law; sale ordered at thirty days' notice at court house door and three other public places in Chowan County."

The plaintiffs introduced T. B. Bland as a witness, who testified that he was "the son of T. J. Bland, who died in December, 1866; that he knows Frances L. Edwards and M. G. Fletcher; that they were married women on and prior to July 6th, 1869; that Mrs. Edwards is still married; that Mrs. Fletcher is dead, leaving four children  *  *  *."

The plaintiff further proposed to show by this witness " that he accepted service of the summons aforesaid for his married sisters and Mrs. M. P. Rogerson without their knowledge or authority and not in their presence, and without the knowledge or authority of any of them. Defendant objected upon the ground that the record in the proceeding

of *Bland,* administrator, v. *Bland's* heirs at law, could not be collaterally attacked in this action.   Objection sustained."

·Upon the rejection of this evidence and intimation of the Court, the plaintiff submitted to a nonsuit and appealed.

*Mr. John Gatling,* for the plaintiffs.
*Mr. J. B. Batchelor,* for the defendants.

DAVIS, J., (after stating the case).  The lands of T. J. Bland, deceased, were sold in 1869, at a judicial sale, made under an order in a proceeding instituted by his administrator against his heirs at law to make assets to pay debts, and this action was commenced in 1885, more than fifteen years after, by the plaintiffs, who are some of the heirs at law of said T. J. Bland, to recover land so sold, and this right to recover is based upon the alleged ground that they were not parties to the proceeding under which the land was sold by the administrator.

They proposed to show in this action, by T. B. Bland (their brother, who was also one of the heirs at law and one of the defendants in the proceeding, the judgment in which, they insist, was void as to them), that he accepted service for them, not in their presence, and without their sanction or authority.

This cannot be allowed in this action.  Assuming the facts to be as alleged, and that T. B. Bland signed their names to the acceptance of service of the summons without any authority therefor, the Court in the exercise of its power to amend its records and vacate an irregular or erroneous judgment, should be careful and cautious in the exercise of that power, when not only the interests and rights of persons acting upon the integrity of judicial proceeding are involved, but where, after long delay, no meritorious reason is given for the correction.   In this case, if the proceeds of the land were applied to the payment of the debts of the ancestor for which the land was bound, it would—so far from being meri-

torious—be unjust to permit the plaintiffs to recover from the purchaser and hold the land discharged of the debts of the ancestor which the money of the purchaser had paid. *Weaver* v. *Jones,* 82 N. C., 440; *Doyle* v. *Brown,* 72 N. C., 393. In the latter case the action was properly instituted for the direct purpose of vacating a decree made in an action to which it was alleged the plaintiff was not a party, but it was said the record " must stand until vacated."

In a direct proceeding to annul the judgment the right of all parties may be protected, but as long as the judgment and order of sale remain, though the proceeding be irregular, yet if not void the judgment cannot be collaterally impeached and the conveyance authorized by it must stand. The judgment can only be vacated by a direct proceeding for the purpose.

The judgment in this case was not void. *Sumner* v. *Sessoms,* 94 N. C., 371; *Cates* v. *Pickett,* 97 N. C., 21, and the cases there cited.

There is no error.