It is admitted that both plaintiffs and defendants claim title to the land in question through Jones Stephens, and that defendants were in possession when the action was brought, and are still in possession.
The plaintiffs allege that Jones Stephens died seized and possessed of the land described in the complaint; that on 12 June, 1880, the defendants Sarah E. Stephens and J. L. Stephens, executrix and executor of Jones Stephens, filed a petition in the Superior Court of Harnett County to sell said lands to make assets to pay the debts of their testator; that the devisees of Jones Stephens were made parties to said petition, and by an order of the court, B. F. Shaw was appointed (256) commissioner to sell the land, and that the said commissioner did, on 7 May, 1883, after due advertisement, pursuant to the order of the court, sell the same at public auction, and the plaintiffs became the purchasers and complied with the terms of sale; that the sale was reported by the commissioner to the court, and by a final decree in the cause the sale was in all respects, on 17 May, 1883, approved and confirmed, and the commissioner ordered to make title to the purchaser upon payment of the purchase money, and that on 30 October, 1883, the commissioner, upon receipt of the purchase-money, executed to the plaintiffs a deed in fee for the land, which has been duly proved and registered; that the *Page 222 
defendants are in possession of said lands, and unlawfully and wrongfully withhold the possession thereof from the plaintiffs.
The defendants, in their answer, say "that while a petition was filed in the name of the executors of Jones Stephens to sell land for assets, it was a proceeding not understood by them, and did not receive their concurrence, and would not have been allowed if properly understood, and that there was no necessity for such proceeding"; that they did not know of the appointment of B. F. Shaw as commissioner to sell the land, and did not consent that the whole proceeding should be taken out of their hands; that as to the allegations in regard to the sale, the report of the commissioner, confirmation of sale, etc., they have no knowledge or information sufficient to form a belief, and demand that full proof be made of the regularity of the whole proceeding to make real estate assets.
For a further defense "these defendants say they are the rightful owners under the will of Jones Stephens of the real estate claimed by the plaintiffs, and that the whole proceedings instituted under the forms of law, in effect by the plaintiffs, or some of them, to deprive them of their land, are illegal and colorable only, wholly defective and (257) without authority of law, fraudulent and void, as they are advised and believe, and ask that they be set aside, and for such other and further relief as they may be entitled to."
The case on appeal states that plaintiffs offered a deed from B. F. Shaw, commissioner, to plaintiffs, dated 30 October, 1883; a copy of the petition to sell land and record of the proceeding instituted by J. L. and S.E. Stephens, executors of Jones Stephens v. Burton P. Stephens.
The petition was filed in June, 1880, and verified by S.E. Stephens, executrix, and among other things asks that James Dalrymple be appointed commissioner to make the sale. In the petition the age of B. P. Stephens is stated to be twenty years.
The summons was issued 13 May, 1882, and is endorsed by the sheriff: "Received 15 May, 1882. Served 1 June, 1882." There is a further endorsement in these words: "Returned into office 2 October, 1884. J. W. A. S.C. A."
An order of sale was made on 2 April, 1883, in which B. F. Shaw was appointed commissioner to make the sale.
There was report of sale made 7 May, 1883, by B. F. Shaw, commissioner, in which it is stated that the land was sold, "one-third cash, balance payable in six months, at $1 per acre, 300 acres, $300. Purchaser, James Dalrymple."
On 17 May, 1883, upon motion of W. E. Murchison, attorney, a decree was made confirming the sale and directing the commissioner to make title to the purchaser upon payment of the purchase-money. *Page 223 
There was also found with the papers in the cause an order of sale without date.
The case was entered on the special proceeding docket, and entries therein: "Summons issued 13 May, 1882; summons executed 1 June, 1882; petition granted; B. F. Shaw appointed (258) commissioner; report of commissioner filed 7 May, 1883; sale confirmed; decree of confirmation signed and filed; Dr. John McQueen and James Dalrymple purchasers at $1 per acre."
The sheriff testified that the endorsement of the date of the receipt and service of the summons was correct. He did not recollect, if he ever knew, why the memorandum was endorsed. It was admitted that the memorandum was written by the clerk.
Mr. Dalrymple testified: "I am a member of the firm of McIver 
Dalrymple, of Jonesboro, one of the plaintiffs; we were the purchasers of this land. I was at the sale. Benton Stephens was there. He made no objection to the sale of the land. It was bid off for plaintiffs in his presence. He and his mother now live on the land. They came to me to act as commissioner, and then I first heard of the proceeding. I declined to act as commissioner.
Defendants proposed to show by the witness that he did not pay cash for the land, and to ask the witness if plaintiffs did not get, under that deed, more than 300 acres of land.
The evidence was excluded, and defendants excepted.
Defendants proposed to submit the following issue: "Were the sale and deed under which the plaintiffs claim operative and valid?" which was refused.
Defendants proposed to prove by the witness that he is one of the executors of Jones Stephens named in the special proceeding, and that he did not know that the proceedings had been instituted until after the sale. This evidence was also excluded, and defendants again excepted.
The court instructed the jury as follows:
Both parties had admitted title to have been in Jones Stephens, and the plaintiffs have exhibited a deed which it is admitted covers and includes the land in controversy. It is also admitted that the defendants are in possession, and the second issue is answered (259) "Yes" by consent.
The court instructs you that, as it appears from the records of the special proceeding that the defendants were parties, and that the land was sold by a commissioner in pursuance of a decree made in said cause, and said sale was confirmed, and a deed has been made to plaintiffs in pursuance of said decree, the defendants are concluded by the said record, and the jury must respond to the first issue "Yes." *Page 224 
To this charge defendants excepted.
The following issues were submitted to the jury:
1. Are the plaintiffs the owners in fee simple of the land in controversy?
2. Were the defendants in possession of said land when the action was brought?
To these issues the jury responded "Yes," and there was a judgment for the plaintiffs, from which the defendants appealed.
The learned counsel for the defendants in his brief insists that the special proceedings under which the land in question was sold were irregular and invalid, and that the deed of the commissioner under which the plaintiffs claim "is fraudulent, inoperative, and void."
It is said that Burton P. Stephens was a minor when the petition was filed in June, 1880, and that no answer was put in by him. Though he was a minor when the petition was filed in June, 1880, it further appears from the record that the summons was served on him in May, 1882, and he was then of age, and it also appears from the petition that the defendant S.E. Stephens, by whom the petition was verified, and (260) said B. P. Stephens were the devisees, and at most the proceeding on that account could only have been irregular, not void. Englandv. Garner, 90 N.C. 1978.
There was no error in excluding the evidence offered to show that the purchasers did not pay cash for the land, nor in excluding that offered to show that the purchasers, by their deed, had more than 300 acres of land. The proceedings under which the land was sold cannot be attacked collaterally by such evidence. For the same reason, the exception to the exclusion of the testimony of J. L. Stephens, one of the executors, offered to show that he did not know of the special proceeding till after the sale, must be sustained; and it is for the same reason that the charge of his Honor, excepted to, must be sustained.
The facts appearing in the record show that the proceedings under which the land was sold were irregular, and the excluded evidence, the exceptions, and the argument of counsel for the defendants would be entitled to consideration in a direct proceeding to annual the sale, but they do not avail in this action, for the judgment was not void, and cannot be attacked collaterally. *Page 225 
The court had jurisdiction of the parties and of the subject-matter.Edwards v. Moore, 99 N.C. 1, and the cases there cited; England v.Garner, supra; Doyle v. Brown, 72 N.C. 393; Grimes v. Taft, 98 N.C. 193, and cases there cited.
There was no error in refusing to submit the issues tendered by the defendants. It was embraced in the first issue that was submitted.
Affirmed.
Cited: Barcello v. Hapgood, 118 N.C. 726.
(261)