The sole question presented in the appeal is this: Does the complaint state facts sufficient to constitute a cause of action?
In White v. Jones, 88 N.C. 166, in which case the plaintiffs here were defendants, Ruffin, J., states one of the questions presented by that appeal as follows: "Whether the sums due from the defendant Bledsoe for rents during his occupation of the land are to be appropriated to the satisfaction of the amount ascertained to be due him, or to the debt still due the estate of Mrs. Stokes for the balance of the purchase-money thereof." And, discussing that, in a subsequent part of his opinion, he says: "Virtually the relation subsisting between the plaintiff and the heirs at law of Mrs. Stokes since his purchase of the equitable interest is that of mortgagor and mortgagee, and having by their action evicted him and put the defendant Bledsoe in possession, they are accountable to him for the rents and must took to their tenant Bledsoe for the same." And, announcing the conclusion to which he had come, he says: "It is also declared that the plaintiff is entitled to credit upon the debt due the defendant Neal as the administrator of Mrs. Stokes for the balance of the purchase-money for the rents ascertained to have been received by the defendant Bledsoe."
The allegations of the complaint are to the effect that in the action, called by Ruffin, J., the action of the heirs of Mrs. Stokes, by which Gray was evicted from the land and Bledsoe was put in possession, the (522) plaintiffs, then infants of tender years, were made parties plaintiff by the defendants here "without lawful authority and for their (defendants') own use and benefit," and that this was done by "combination and agreement" of the defendant and others.
If two or more persons combine and agree to do a wrongful act, they are liable to the person injured by that act for such damages as result. To make a person a party plaintiff to an action, without proper authority so to do, is a wrongful act, for which an action will lie if injury comes thereby to the person whose name was thus improperly used. 3 Blk. Com., 166; Metcalf v. Alley, 24 N.C. 38. In the case last cited the injury complained of was the being compelled to pay costs. Here *Page 385 
the injury alleged to have resulted from the unwarranted use of plaintiffs' names was this: they lost a great part of what Ruffin, J., speaking for the Court, said was virtually a mortgage debt due in effect to them, though payable immediately to the administrator of Mrs. Stokes for their benefit. They were estopped to hold him responsible for this loss, for it was caused by their act, and the rents were paid to one who was their tenant, as the law adjudged. For the most potent reasons it is held that an innocent person is protected by the judgment of a court having jurisdiction of the subject-matter and of the parties. Appearance by counsel gives jurisdiction of the persons thus appearing (England v. Garner, 90 N.C. 197), though counsel have no authority so to appear. And therefore it comes about that the persons thus estopped and thus injured by an adjudication binding upon them, though made without their knowledge or consent, are driven to seek redress from those who combined and agreed to procure such adjudication.
We are not required now to determine what is the measure of (523) plaintiff's damages, if the commission of the wrongful acts complained of is established. We only decide that the facts set out in the complaint constitute a cause of action.
REVERSED.