JOHN BURGESS et als v. E. J. KIRBY et als.

*Judgment—Irregular—Motion in the Cause.*

1. When an action has been heard upon its merits, and nothing remains to be done but to give judgment, unless one of the parties suggests good ground for delay, it is the duty of the Court to render a final judgment.

2. So where, in an action brought to recover land, after the verdict was rendered, the Court refused to sign judgment, and ordered the action to be continued, in order that the plaintiff might move to have a judgment affecting the land, rendered by another Court, set aside ; *It was held* to be error.

3. In such case, the Court has the power, on application of the plaintiff, to continue the case for this purpose, but it cannot do so, against the wishes of both parties, of its own motion.

4. A judgment cannot be collaterally attacked for irregularity, except for such as renders it absolutely void. The proper remedy to correct an irregularity, when it does not render the judgment void, is by a motion in the cause.

5. Where it is sought to attack a judgment for fraud, if the action is not determined, it must be done by a petition in the action, but if the action has been determined, it must be done by an independent action.

6. Where it appears in the record that all the defendants were served, and it does not appear that any of them were infants, the judgment is, on its face, regular, and if any of the defendants wish to set up infancy, it must be done by a motion in the cause, to set the judgment aside for irregularity.

7. Where land is sold under a decree of Court, all parties to the decree are bound by it, and cannot attack it collaterally, unless it is void on its face.

(*Keaton* v. *Banks*, 10 Ired·, 381 ; *Vick* v. *Pope*, 81 N. C., 22 ; *Williamson* v. *Hartman*, 92 N. C., 236 ; *Fowler* v. *Poor*, 93 N. C., 466 ; *Peterson* v. *Van*, 83 N. C., 118 ; *England* v. *Garner*, 84 N. C., 212 ; *Turner* v. *Douglas*, 72 N. C., 127 ; *England* v. *Garner*, 90 N. C., 197 ; *Gay* v. *Stancil*, 92 N. C., 455, cited and approved).

CIVIL ACTION, tried before *Gilmer, Judge,* and a jury, at January Special Term, 1886, of the Superior Court of DURHAM County. .

The substance of this case, as presented by the record, is this: The plaintiffs allege, that George W. Trice, now deceased, in his lifetime, executed and delivered to the plaintiffs Martha Burgess formerly, and at the time of such delivery, Williams, and Joseph J. Williams, her son, a deed, whereby he conveyed to them the tract of land described in the complaint, which deed not having been registered, was lost. This action was brought against the heirs-at-law and the administrator of the said Trice, to compel the heirs to execute and deliver to the plaintiffs last mentioned, a proper deed, in place of that lost. The defendants mentioned made no defence.

In the course of the action, the other defendants, upon their application to the Court, suggesting that they had an interest in it, were made parties, and allowed to plead. In their answer, they allege that the said administrator brought his Special Proceeding in the Superior Court of the county of Wake, to sell the land in question to make assets to pay debts of his intestate—that therein a decree was duly entered, directing a sale of the land—that a sale thereof was made, and they became the purchasers—that this sale was reported to, and confirmed by the Court, and title to the land was duly made to them. They further allege, that the plaintiffs have no interest whatever in the land, and that moreover, they were proper parties defendant in the Special Proceeding mentioned, and are bound by the orders and decrees therein, and estopped from setting up any claim to the land.

The plaintiffs admit the Special Proceeding mentioned, and the sale of the land in pursuance of a decree therein made, and the purchase thereof by the defendants last mentioned; but they allege that the Court did not, in that behalf, obtain or have jurisdiction of the plaintiffs, Martha Burgess,—then Williams, and Joseph J. Williams; that the latter was an infant, under

twenty one years of age, pending that proceeding, and had no general guardian ; that no guardian *ad litem* was appointed for him, nor was summons duly served upon him. They further allege that the Special Proceeding and the decrees and orders therein, were irregular and invalid, and demand that they be " vacated and set aside," and that the purchasers of the land be declared trustees for them, &c.

On the trial, the jury found in response to issues submitted to them, that the said Trice did execute and deliver to the plaintiffs, Martha and Joseph J. Williams, a deed for the land in question, as alleged ; that this deed, not having been registered, was lost ; that the plaintiff Joseph J. Williams became twenty one years of age, on the 3rd day of January, 1884, after the termination of the Special Proceeding mentioned ; and that at the sale, the purchasers of the land had notice of the claim of the plaintiffs under the lost deed mentioned.

The plaintiffs put in evidence on the trial, a transcript of the record of the Special Proceeding mentioned, from which it appeared that a summons was issued in the proceeding against the plaintiff's Martha, and Joseph J. Williams, and the same was served upon them by the sheriff and return thereof made. The said Joseph J. was not described in the summons, or in any part of the record, as an infant.

It appears that the Court, " being of opinion that he could render no judgment in the premises, declaring the judgment of the Superior Court of Wake county to have been irregularly rendered, and that the same should be set aside ; declined to render any judgment, but continued the cause until the plaintiffs should take the proper steps in Wake Superior Court to have said judgment declared irregular and set aside." To which ruling both parties, plaintiffs and defendants, excepted, and appealed to this Conrt. This is the plaintiffs appeal.

*Mr. John W. Graham,* for the plaintiffs.
*Messrs. R. H. Battle* and *Thos. M. Argo,* for the defendants.
37

MERRIMON, J. (after stating the facts). The whole case had been heard upon the merits, preparatory to final judgment. Nothing remained to be done to that end, and both the plaintiffs and defendants insisted that the judgment of the law should be entered by the Court, the former contending that it should be as proposed by them, and the latter as by them. The Court, however, declined to grant any judgment, but made an order staying further proceedings in the action, until the plaintiffs "should take proper steps in Wake Superior Court to have said judgment, (that in the Special Proceeding mentioned), declared irregular and set aside." The plaintiffs did not ask for such stay—indeed they did not desire it, and plainly intimated that they did not deem it necessary, and would not take steps in a different tribunal, as suggested by the Court. If the plaintiffs had asked for such stay, it may be that the Court, in its discretion, could have granted it, but it seems to us very clear, that as neither party desired it, but on the contrary, insisted upon judgment, the Court ought to have granted it. When the case has been heard upon its merits, and nothing remains to be done but to give judgment, it is the duty of the Court to proceed at once to grant and enter it, neither party suggesting good cause for delay, unless the Court should desire to take time for further consideration.

A chief purpose of an action is to obtain the judgment of the law, in respect to the matter in litigation, and when the parties have pleaded, and have been fully heard according to the course of the Court, the party entitled, has the right to have it granted and it is error to refuse it—both parties insisting upon judgment —to enable one of the parties to take some action in another judicial tribunal, or elsewhere, suggested by the Court, not necessary to the final judgment, and especially is this so when that party signifies his purpose not to take such action. The Court can, in the exercise of its discretion, continue the case for a proper cause, of which it is the exclusive judge, but it ought not to do so for one not pertinent to, but beside, the action.

No doubt the Court might, in the course of the action, at the instance of the parties, or one of them, or in some cases, *ex mero tu,* direct the proceeding to be stayed, until something shall be done by the parties or one of them, or by some one, under the direction of the Court, necessary to a final judgment; but this power would be subject to the right of the plaintiff, in a proper case, to have a judgment of non-suit, or his action dismissed.

But it does not follow from what we have said, that the plaintiffs were entitled to the judgment demanded by them.  The Court properly suggested that it could not declare the judgment in the special proceeding mentioned irregular, and set it aside. That judgment could not be attacked collaterally for such irregularity in it, or in the proceeding leading to it, as did not render it absolutely void.   If it was merely voidable for irregularity, the proper remedy was a motion in the proceeding itself to set it aside for such cause.   It could not be done in another proceeding or action in the same or a different Court.   *Keaton* v. *Banks,* 10 Ired., 381; *Vick* v. *Pope,* 81 N. C., 22, *Williamson* v. *Hartman,* 92 N. C., 236; *Fowler* v. *Poor,* 93 N. C., 466.   It would be otherwise if the judgment should be attacked for fraud.   In that case, if the action were not determined, the judgment might be attacked for such cause by a proper petition in the action, but otherwise it could only be done by another and independent action.   *Peterson* v. *Van,* 83 N. C., 118; *England* v. *Garner,* 84 N. C., 212; *Williamson* v. *Hartman, supra.*

It is true, that a judgment absolutely void, may be so treated and disregarded whenever and wherever it may come in question ; but the judgment in the Special Proceeding under consideration was not void ; upon the face of the record, it was regular and valid.   At most, it was only voidable for irregularity not apparent.   It does not appear from the record that the plaintiff Joseph J. Williams was an infant.   On the contrary, he and his mother, the plaintiff Martha, were made parties to the proceedings by the service of a summons, and if he was an

infant, that fact did not render the judgment void. It would, for that cause, be only voidable, and might be set aside by a proper motion in the proceeding. *Turner* v. *Douglass*, 72 N. C., *England* v. *Garner*, 90 N. C., 197, and cases there cited.

The plaintiffs Martha and Joseph J., were parties, as appears, to the special proceeding mentioned, and bound by the decree therein. The land in question was sold in pursuance of that decree, and the contending defendants claim title under it. The plaintiffs are, therefore, estopped by the record to deny the title of the defendants to the land. They had opportunity in the proceeding to allege and establish their right to the land by virtue of the alleged lost deed, or otherwise. They were made parties to the end they might do so, and as they did not, they are now estopped to claim title, while the record stands unimpeached by a proper proceeding. *Gay* v. *Stancill*, 92 N. C., 455.

It is said that, nevertheless the parties plaintiffs last mentioned, have the right to have the alleged lost deed re-executed to them. Wherefore? If the lost deed was found, or its place supplied by another, it could not enable the plaintiffs to assert title to the land under it, in the face of the record in the Special Proceeding mentioned. So far as appears from any allegation in the complaint, they have no longer the slightest interest in it, and the Court will not do a vain and nugatory thing. If the plaintiffs had alleged and proven some right they could assert by, or a benefit they could derive from, the deed they seek to have re-executed, it might be otherwise.

The purpose of this action is not to attack the judgment in the Special Proceeding for fraud. Fraud is neither alleged nor proven.

So that, as the plaintiffs refused to act upon the suggestion of the Court, it ought to have given judgment dismissing the plaintiffs action, without prejudice to their right to move to set aside the judgment in the special proceeding, and if that shall be done, then to take steps to have the lost deed reëxecuted, and to assert any right they might have by virtue of it.

There is error. Let this opinion be certified to the Superior Court according to law. It is so ordered.

Error. Reversed.