EARP v. MINTON.

(Filed April 25, 1905.)

*Judgments—Collateral Attack—Fraud—Proper Remedy.*

1. In an action to recover personal property, the plaintiff cannot collaterally attack for fraud in its procurement, a judgment under which the defendant claims and it was error to submit an issue as to such fraud.

2. When a judgment is attacked for fraud, the proper remedy is by a motion in the cause, if the action is pending; but, if it has been ended by final judgment, an independant action must be instituted.

EARP *v.* MINTON.

ACTION by Dorinda Earp against L. L. Minton, heard by *Judge W. R. Allen* and a jury, at the June Term, 1904, of the Superior Court of WILKES County.

This was a civil action tried in the Superior Court upon appeal from the judgment of a justice of the peace. The plaintiff alleges that she is the owner of a cow and that the defendant is in the wrongful and unlawful possession of her. The defendant admits the possession of the cow but denies that his possession is wrongful and unlawful and avers that he is an innocent purchaser for value. It appears from the record that the defendant purchased the cow from one Cranor, who came into possession of her by virtue of a judgment secured by him in an action brought before a justice of the peace against Dorinda Earp, the plaintiff in this action, to recover possession of the cow. In the present action this judgment was introduced and relied on by the defendant to establish his right to the possession of the cow.

The court submitted the following issues: 1. Is the plaintiff owner of the property in dispute? Ans. Yes. 2. What was the value of the cow? Ans. $25. 3. Was the judgment upon which the defendant relies procured by fraud? Ans. Yes.

From a judgment for the plaintiff, the defendant appealed.

No counsel for the plaintiff.
*Finley & Hendren* for the defendant.

BROWN, J. The defendant excepts to the submission of the third issue as to fraud in the procurement of the judgment in *Cranor v. Earp* and to the admission of certain testimony and parts of His Honor's charge relating to that issue. The defendant's ground of objection to the issue, the evidence and the charge is the same; that is that a judgment cannot be collaterally atacked for fraud, but it must

be impeached, if at all, by an independent action. We do not deem it necessary to consider these exceptions separately. We think that His Honor committed error in submitting the issue to the jury, and it follows that the admission of evidence and His Honor's charge in regard thereto are likewise erroneous. It is well settled by this court that it is not permissible for a party to attack a judgment in a collateral proceeding on account of fraud. When a judgment is attacked for fraud the proper remedy is by a motion in the cause, if the action is then pending, but if it has been ended by final judgment, an independent action must be instituted. *Carter v. Rountree,* 109 N. C., 29; *Smith v. Gray,* 116 N. C., 311; *Burgess v. Kirby,* 94 N. C., 575.

In the case before us the judgment is attacked for fraud in its procurement. At most, it is only *voidable* for an irregularity not apparent. It is not such an irregularity as to render the judgment absolutely void, hence it cannot be attacked collaterally, but it must be impeached, if at all, by a separate proceeding instituted for that purpose. *Burgess v. Kirby, supra; Neville v. Pope,* 95 N. C., 346; *Brittain v. Mull,* 99 N. C., 483. If it is contended that the summons in the case of *Cranor v. Earp* was improperly or irregularly served, or that defendant was sick and could not attend the trial, her remedy was to move in that cause before the justice to set aside the judgment.

We are of opinion that in submitting the issue as to fraud in the procurement of the judgment in *Cranor v. Earp* and admitting evidence and instructing the jury in regard thereto, His Honor committed error, for which there must be a

New Trial.