SARAH A. HARGROVE et al. v. JOHN E. WILSON.

(Filed 14 October, 1908.)

**Lands—Partition—Judgments—Collateral Attack—Fraud or Mistake—Statutory Remedy.**

When land is sold and the sale confirmed, in proceedings for partition of lands, and the record therein is regular in form, and on its face it appears that plaintiffs were parties, the proceedings cannot be collaterally attacked, as the remedy is by petition in the cause, under Revisal, sec. 2513.

ACTION heard before *W. R. Allen, J.*, and a jury, at December (Special) Term, 1907, of SAMPSON, to vacate and

HARGROVE *v.* WILSON.

set aside a proceeding for partition and the decree therein rendered by the Clerk of the Superior Court of Sampson County.

Defendant appealed.

*George E. Bulter* and *F. R. Cooper* for plaintiffs.
*H. A. Grady* and *Faison & Wright* for defendant.

BROWN, J. The record discloses that on 24 September, 1901, an *ex parte* proceeding for partition was commenced before the Clerk in the name and behalf of John E. Wilson, the defendant in this case, and of Sarah A. Hargrove and the other plaintiffs in this action, for the sale for partition of the land described in the complaint. The petition is signed by certain attorneys as "solicitors for petitioners," and is verified by the oath of J. E. Wilson. On the same day a decree of sale was made by the Clerk, and a commissioner was appointed with authority to sell the land at either public auction or private sale. At the public sale the defendant, John E. Wilson, became the purchaser for the price of $500 and the sale was confirmed in May, 1902, by the Clerk, whose order was approved by a Judge of the Superior Court.

This action is brought to set aside the decree and sale of the land, upon the ground that plaintiffs were not made parties to the proceedings, with their knowledge and consent. When the case was called for trial the defendant moved to dismiss the action, upon the ground that the record in the partition was regular in form and that it appeared on its face that the plaintiffs were parties to it and that it could not be attacked collaterally in this action. The motion was overruled and the defendant excepted.

It is elementary learning that a decree of a court having jurisdiction in a proceeding, in all respects regular on its face as to parties, cannot be attacked collaterally. It may be successfully impeached for fraud in an independent action brought for the purpose, when sufficient allegations of

fraud are made and issues framed upon such allegations are submitted to a jury and the fraud is established by the verdict. *Tate v. Mott,* 96 N. C., 19; *Morris v. White,* 96 N. C., 93; *Carter v. Rountree,* 109 N. C., 29; *Rackley v. Roberts,* 147 N. C., 201; *Simmons v. Box Co., ante.*

In this case there are no sufficient allegations of fraud set out in the complaint, and no issue of fraud was tendered by the plaintiff or submitted to the jury by the court. The gravamen of plaintiffs' complaint is that John E. Wilson, the defendant, and his attorneys instituted the partition proceedings of their own motion, without the knowledge, consent or authority of these plaintiffs, and that, while these plaintiffs appear on the record as parties to it, as a matter of fact they were not parties. A person who has never been made a party to a judicial proceeding cannot bring an independent action to set it aside on the ground of fraud. He has no reason whatever to invoke the equitable power of the court for any such purpose, in that he has not been injured. He has an adequate remedy at law by proceeding in the cause to which he is apparently a party, and moving therein to set aside the judgments and decrees, so far as they affect him, and to correct the record so as to show in fact that he was not a party. *Carter v. Rountree, supra.*

The partition proceeding under which the land was sold appears to be in all respects regular, and these plaintiffs appear on its face to be parties to it; therefore they are apparently bound by it. If it should be established as a fact that they were made parties without their knowledge or consent, and have not ratified and assented to the proceedings and decree, then they may be set aside by motion in the cause. *Burgess v. Kirby,* 94 N. C., 575.

We have discussed only the general law, applicable to all judicial proceedings alike, in its reference to this case. But as to proceedings in partition especially the General Assembly seems to have provided that they can only be attacked,

set aside or impeached for fraud or mistake, or upon any other ground, by "petition in the cause." Revisal, sec. 2513, after prescribing the machinery by which sales of land may be made in special proceedings, further provides "that any party, after the confirmation, shall be allowed to impeach the proceedings and decrees for mistake, fraud or collusion *by petition in the cause."* Here is a full, complete and adequate remedy provided by law, under which the plaintiffs can seek relief, even for fraud or mistake or on other ground.

His Honor should have sustained the motion.

Action Dismissed.