M. W. BAREFOOT et al. v. ELIZABETH MUSSELWHITE et al.

(Filed 12 October, 1910.)

1. Evidence — Destroyed Records — Title — Recitals in Deed—Prerequisites—Interpretation of Statutes.

The preliminary fact of the destruction by fire or otherwise of the courthouse or records must be first shown before "the recitals, reference to, or mention of any decree, judgment or other record" recited in a deed of conveyance, etc., shall have the effect as evidence given by Revisal, sec. 341; and when both parties to the action admit title in a certain person in their claim of title, one of them may not show disseizen by a recital of a sale under partition proceedings in his deed, without first showing that the courthouse, etc., had been destroyed, according to the statutory requirement.

**2. Evidence—Destroyed Records—Recitals in Deeds—Constitutional Law.**

Revisal, sec. 341, making recitals in deeds, etc., of judgments, records, etc., evidence, etc., upon condition that the courthouse, records, etc., have been destroyed by fire, etc., are constitutional.

**3. Judgments—Irregularities—Collateral Attack—Motions—Procedure.**

The plaintiffs claiming the fee in lands allege damages for waste committed thereon by the tenant in dower; by order of court other parties were made defendant, and filed answer claiming the reversionary interest as heirs at law. To show that the title of the ancestor of the new parties had been divested, plaintiff introduced a deed, reciting that the *locus in quo* had been sold under proceedings in partition, and had he met the requirements of Revisal, sec. 342, so as to make the recitals evidence of his title, the defendants' remedy, to avail themselves of any irregularity in the proceedings, was by motion in the original action.

APPEAL from *O. H. Allen, J.,* at the March Term, 1910, of HARNETT.

This was an action instituted to recover damages for waste. The plaintiffs are the heirs of one Kinion Barefoot, and allege that they are the owners of the fee, subject to the life estate of Elizabeth Musselwhite (formerly Elizabeth Barefoot, the widow of L. L. Barefoot), as tenant by dower. The waste is charged to have been committed by the tenant in dower through her lessees. By order of the court, the other defendants, who are the heirs at law of L. L. Barefoot, his infant grandchildren, were made parties, and they by their guardian *ad litem* filed answer denying that plaintiffs were the owners of the fee in the land; they admitted that Elizabeth Musselwhite was entitled to a life estate as tenant by dower, but they alleged the fee to be in them as heirs at law of L. L. Barefoot. It was admitted that the land in controversy at one time belonged to L. L. Barefoot, and the plaintiffs offered in evidence a deed of D. H. McLean, commissioner, containing the following recitals: "That by an order of the Superior Court of Harnett County, 1 March, 1878, D. H. McLean was appointed commissioner to sell the real estate belonging to the estate of L. L. Barefoot, late of said county, deceased, was licensed and empowered in the case of *Isham Mc-*

153—14

*Lamb v. Elizabeth Barefoot,* administratrix of L. L. Barefoot, and the heirs at law made parties under a creditor's bill, the said D. H. McLean, commissioner, being empowered to sell and convey the said land hereinafter described to pay debts and charges of said L. L. Barefoot estate," etc.   The deed is made to Kinion Barefoot, ancestor of plaintiff, as the last and highest bidder. The record of said action, if any existed, was not offered in evidence, nor its absence in any way accounted for.   No other evidence was offered that the title of L. L. Barefoot had ever been divested.   His Honor held that the recitals in the deed made out a *prima facie* case, and that the verity and validity of the action recited therein could not be collaterally impeached, and under his instructions the jury answered the issues in favor of the plaintiffs.   The defendants excepted.   In their answer, the defendants denied the existence of the record of any such action and that the heirs at law of L. L. Barefoot, who were infants at that time, had ever been served with process.   There was no evidence offered or admission of the destruction of the records of the county of Harnett by fire or otherwise.   From the judgment rendered upon the verdict, the defendants appealed.

*R. L. Godwin* and *E. F. Young* for plaintiffs.
*J. C. Clifford* and *N. A. Townsend* for defendants.

MANNING, J.   Upon the record presented to us, we do not think his Honor's ruling as to the effect of the recitals in the deed of D. H. McLean, commissioner, to Kinion Barefoot, can be sustained.   No evidence was offered to bring the deed and its recitals under the operation of sec. 341, Revisal.   That section provides:  "The recitals, reference to, or mention of, any decree, order, judgment or other record of any court of record of any county in which the courthouse, or records of said county, or both, have been destroyed by fire, or otherwise, contained, recited or set forth in any deed of conveyance, paper-writing or other *bona fide* written evidence of title, executed prior to the destruction of the courthouse and records of said county, by any executor, etc., or commissioners appointed, etc., shall be deemed, taken and recognized as true in fact, and shall be *prima facie*

evidence of the existence, validity and binding force of said de-
cree, etc., and shall be to all intents and purposes binding and
valid against all persons mentioned or described in said instru-
ment of writing, deed, etc., as purporting to be parties thereto,
etc." The constitutionality and validity of this section and the
next section (342) cannot now be open to dispute. *Hare v.
Halloman,* 94 N. C., 14; *Everett v. Newton,* 118 N. C., 919.;
*Irvin v. Clark,* 98 N. C., 437. But in order to invoke the aid
of these sections, it is essential that the preliminary fact of the
destruction by fire or otherwise of the courthouse or records
must be shown; otherwise the benefit and protection of these sec-
tions are not available, and the recitals in the deed would be
valueless as proof of the existence of the facts therein set forth,
and incompetent as evidence to prove that the title of L. L.
Barefoot was divested. If the preliminary fact required by the
statute were proven or admitted, the proper remedy of the de-
fendants to avail themselves of any irregularity in the action or
proceeding would be by motion in the original action, and not
by way of defense, and the prayer for affirmative relief—to have
the deed set aside as a cloud upon their title as is attempted in
this action. This has been repeatedly held by this Court.
*Rackley v. Roberts,* 147 N. C., 201, in which case the previous
decisions of this Court are reviewed in an able and exhaustive
opinion by *Mr. Justice Walker.* See also *Hargrove v. Wilson,*
148 N. C., 439.

Upon the evidence appearing in the record, his Honor's ruling
was erroneous as to the effect of the deed and its recitals, and
as it may have induced the plaintiffs to withhold evidence of
the record itself of the action recited or its destruction by fire or
otherwise, a new trial is ordered.

New trial.