The evidence having been introduced, on motion made in apt time, there was judgment of nonsuit, and plaintiff excepted and appealed.
The cause was before the Court on a former appeal, and will be found reported in 168 N.C. 315.
The facts contained in the former case on appeal are all included in this record, amplified and extended by additional testimony introduced on the present hearing, and from these facts it appears that *Page 233 
the land in question was formerly owned by Jackson Pinnell who died in said county in 1865, leaving him surviving his widow, Lucy W. Pinnell, and present plaintiffs, W. A. J. Pinnell, R. L. Pinnell, and Lucy Andrews, his children and heirs at law; that some time after the death of Jackson Pinnel his widow intermarried with John H. Burroughs, and they had three children, the present defendants, who resist (184) recovery, claiming to own the land as heirs at law of their father, now deceased; that soon after the death of Jackson Pinnell his widow, having qualified as the administratrix, filed a petition to sell his land to make assets. Decree was had, the land sold, report made, and sale confirmed. At said sale, the widow's dower having in the meantime been allotted to include the land now in dispute, the reversion in said tract was purchased by Willis Lloyd, father of Mrs. Pinnell, at the price of $856.80, and note and bond for purchase price executed by him with James E. Drake as surety. It does not affirmatively appear that this bond has ever been paid in full. A return of Mrs. Pinnell, administratrix, was offered in evidence, containing an item of a small amount as received on the Willis Lloyd note, no other testimony on that question being offered.
The record shows that decree for sale was had, November Term, 1866. Sale took place December, 1866. Report made and confirmed in August, 1867, or soon thereafter.
It further appeared that Willis Lloyd died in 1869, having made his last will and testament, appointing Henry B. Hunter his executor, and, in proving the will, it appeared that the heirs at law of Willis Lloyd and owners of his property under the will included, among others, the present plaintiffs, W. A. J. Pinnell, R. L. Pinnell, and Lucy L. Pinnell (now Mrs. Andrews). The docket of probate court of Warren County was then offered in evidence, containing the following:
NORTH CAROLINA — WARREN COUNTY.
In the Probate Court.
Henry B. Hunter, executor of Willis Lloyd, respectfully showeth to the court that in accordance with the order of sale to him directed by this honorable court he did, on 14 May, 1870, after the requisite advertisement, sell at the courthouse door in the town of Warrenton the land mentioned in said order, when John H. Burroughs became the last and best bidder in the sum of $1,000, and has paid the amount so bid. He is of the opinion that the price is as much as the land is worth, and respectfully recommends that the sale be confirmed and that he be directed to execute a deed to the purchaser.
 H. B. HUNTER, Executor of Willis Lloyd, Deceased. *Page 234 
There was also offered in evidence a deed from H. B. Hunter, executor of Willis Lloyd, conveying the tract of land in dispute to John H. Burroughs, father of defendants, and now deceased, containing recitals as follows:
(185) "This indenture made and entered into on this the 20th day of September, A.D. 1870, between Henry B. Hunter, executor of Willis Lloyd, party of the first part, and John H. Burroughs, party of the second part, all of the county of Warren and State of North Carolina, witnesseth: that whereas the said party of the first part was by a decree of the Superior Court of the said county of Warren, made in a certain cause wherein the said party of the first part was plaintiff and Willis A. J. Pinnell, an infant under 21 years old, and others, were defendants, ordered to sell for the purpose of paying the debts of the said Willis Lloyd, which his personal property was insufficient to discharge, certain real estate of the said Willis Lloyd, to wit: the reversion after the life estate of Mrs. Lucy W. Burroughs in a tract of land of 238 acres, situate in said county of Warren on the waters of Rich Neck Creek, adjoining the lands of Jacob Parker, Henry Williams, and others, the same being the tract which was assigned to the said Lucy W. Burroughs, then Lucy W. Burroughs, for dower in the lands in the late Jackson Pinnell; and whereas the said party of the first part, in pursuance of said decree, did on 14 May, 1870, sell said real estate at auction at the courthouse in the town of Warrenton, when the said party of the second part became the purchaser in the sum of $1,000, and paid the whole of the purchase money in cash; and whereas, upon the report of said sale to the said court, the same was in all respects confirmed, and the said party of the first part was, by the final decree in the said cause, ordered to execute a deed for the said real estate to the said party of the second part," etc.
It was also shown in evidence that a few years ago the courthouse of Warren county was rebuilt, and that, during its construction, boxes containing some of the former records and dockets of proceedings of the court were placed in an attorney's office near by, many of them never having been recorded; and it was proved that due and diligent search had been made for the record and proceedings in this present case of Hunter v.Pinnell et al. in the courthouse and elsewhere, and that said papers could not be found. It was also shown that two of plaintiffs, R. L. Pinnell and Lucy Andrews, were children of Jackson Pinnell by Lucy, his second wife, and W. A. Pinnell, the other plaintiff, was a child of the said Jackson by a former wife, and she was a sister of Lucy; and this last having died in 1914, plaintiffs sue and claim the land as children and heirs at law of Jackson Pinnell, the former owner; and defendants resist recovery, claiming ownership as children and heirs of their deceased father, John H. Burroughs. *Page 235 
On these, the controlling facts in reference to this title, the Court is of opinion that the judgment of nonsuit is clearly correct, and this without reference to any rights that may or not exist in plaintiffs, from perusal of the first proceedings, but from the estoppel (186) created by the judgment in the second record, that of Henry B. Hunter, executor of Willis Lloyd, deceased, v. W. A. J. Pinnell and others, and in which, by decree of a court having jurisdiction of the cause and parties interested, including the present plaintiffs, the land now in question was sold as the property of the testator, Willis Lloyd. True, in this last proceeding the only entry appearing upon the record proper is a report of sale and purchase by John H. Burroughs at the price of $1,000 and payment of the money by him, with a recommendation that the sale be confirmed; but, defendants having first laid the foundation by satisfactory proof that due and diligent search had been made at the proper places for the papers and proceedings in the cause, and that same could nowhere be found (Rackley v. Roberts, 147 N.C. 201;Barefoot v. Musselwhite, 153 N.C. 208), the recitals in the deed to John H. Burroughs became pertinent evidence, and, by force of the statute, became prima facie evidence of the existence and validity of the decree, judgment, order or other record upon which the same purports to be founded, Revisal, sec. 342; and, under various decisions in which this statute has been construed and applied, it permits the conclusion of the regularity of the proceedings, the presence of all proper parties, and the binding force of the decree specified and referred to, unless it should in some portion of the record more directly apposite affirmatively appear that the court had not acquired jurisdiction of the parties or that the decree was entirely beyond the scope of the issues involved in the cause.Pinnell v. Burroughs, 168 N.C. 315; Sutton v. Jenkins, 147 N.C. 11;Morris v. House, 125 N.C. 550; Summer v. Sessoms,94 N.C. pp. 371-376; Hare v. Holloman, 94 N.C. pp. 14-18; Johnson v.Whilden, 171 N.C. 153.
In the case then referred to of Hunter, executor of Willis Lloyd, v. W. A. J. Pinnell et al., we have the record entry showing the report of sale of the land here in dispute, that same was bought by John H. Burroughs and purchase price paid; due and proper search for the papers and failure to find the same, and recitals in the deed showing a cause properly constituted; the presence of the proper parties; decree for sale to make assets to pay debts of the testator; report of sale, showing payment and purchase price; confirmation of sale and order to make title, and the deed conveying such title to defendants.
It was suggested for plaintiff that while the evidence shows that two of the plaintiffs are grandchildren of Willis Lloyd, the other plaintiff, being a child of the first wife, may not be so, and, therefore, as we *Page 236 
understood the argument, there would arise no presumption that this first child was a grandchild of Willis Lloyd, and, therefore, to be included in the terms of the recital as to parties, wherein Henry B. (187) Hunter, executor of Willis Lloyd, is plaintiff and W. A. J. Pinnell et al. are defendants; but to our minds the position is without merit. Not only does the record, in the application for proof of will, show that these present plaintiffs were entitled to these lands under the terms of the will, but the proof shows that the wives of Jackson Pinnell were sisters, presumably full sisters, and both the daughters of the testator, and, if it were otherwise, if, as plaintiff contends, the record in the first case of Lucy W. Pinnell, admx., v. the heirs at law of Jackson Pinnell, should disclose that the legal title was in plaintiffs as heirs at law of Jackson Pinnell, that record also shows that Willis Lloyd, on confirmation of sale to him, had an equity in the property, and that, in any subsequent proceedings to sell this as his, the children and heirs at law of Jackson Pinnell would have been proper parties and properly included in the term, W. A. J. Pinnell et al.
The facts in evidence, then, are stated, showing the existence of a cause properly constituted, in a court having jurisdiction of the parties and subject-matter, in which the land in dispute was sold as the property of Willis Lloyd. If the present plaintiffs, who were properly parties to that record, had any title superior to that of Willis Lloyd, they should have set it forth, and not having done so, they are now concluded on the issue as to Willis Lloyd's title. This was fully adverted to and the case practically decided on the former appeal, in which Associate JusticeWalker, speaking to this question, said: "If they were parties to the latter suit, they are bound and concluded by the judgment rendered therein, and it can make no difference whether they acquired title to the land as the heirs of Jackson Pinnell or as heirs of Willis Lloyd, as they are estopped by the judgment without regard to the source from which they may have derived title. If they had any other right or title to the land at the time they were called upon to answer the complaint, they should have disclosed it, and pleaded it, and having failed to do so, they are concluded by the judgment as to the title, which was alleged to have been in Willis Lloyd, and will not be heard to aver against it in this action.Armfield v. Moore, 44 N.C. 157; Carter v. White, 134 N.C. 474; Gregory v.Pinnix, 158 N.C. 147. The Court, in Owens v. Needham, 160 N.C. 381, quoting from and approving Coltrane v. Laughlin, 157 N.C. 287, held it to be a well recognized doctrine here and elsewhere that `when a court, having jurisdiction of a cause and the parties, renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as *Page 237 
to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing.'"
We find no error in the record, and the judgment of nonsuit is
Affirmed.
Cited: Baggett v. Lanier, 178 N.C. 132 (1p); Dillon v. Cotton Mills,187 N.C. 816 (2c).
(188)