HIRAM BAGGETT v. J. B. LANIER.

(Filed 24 September, 1919.)

1. **Evidence—Deeds and Conveyances—Recitals.**

   The relevant recitals of a deed in a chain of title relied on are competent evidence of the authority of the grantor to make it. *Irvin v. Clark* cited with approval, 98 N. C., 437.

2. **Appeal and Error—Objections and Exceptions—Deeds and Conveyances—Sufficiency.**

   Objection to the introduction of a deed in a chain of title, on the ground that the preliminary fact of the destruction of the registry in which it had been recorded had not been shown, must be taken specifically to be available by exception on appeal, and this objection will not be considered when the only ground of objection stated in the record is to the sufficiency of the deed to show the authority of the grantor to make it. The objector is confined to the ground he stated below.

3. **Appeal and Error—Presumptions—Evidence—Error—Burden of Proof.**

   The rulings of the lower court in admitting evidence objected to on the trial will be presumed to be correct, on appeal, in the absence of anything of record showing the contrary, as the burden is on the appellant to show error on appeal.

4. **Motions—Proceedings—Irregularity—Collateral Attack—Actions.**

   The recitals in a deed of a commissioner appointed by the court to sell lands are *prima facie* sufficient to show his authority to do so (*Irvin v.*

   9—178

*Clark*, 98 N. C., 437), and the proceedings wherein it was made may not be attacked collaterally for irregularity, but only by motion in the cause to have the judgment therein set aside. *Rackley v. Roberts*, 147 N. C., 201, cited and approved.

**5. Limitation of Actions — Adverse Possession—State—Color—Admissions —Instructions.**

Where the plaintiffs claim the title to the lands in controversy under a grant from the State and mesne conveyances under which a life estate is reserved to the enterer, and it appears that the enterer remained in possession as life tenant to within seven years next preceding the commencement of the action, and that the adverse possession of the defendant under which he claimed commenced after the falling in of the life estate: *Held*, such adverse possession could not begin to run against the paper title of the plaintiff until the falling in of the life estate, and that the plaintiff was entitled to recover unless the defendant showed by the greater weight of the evidence such previous adverse possession as would take the title out of the State, and would ripen it against the plaintiff's title either without or with "color."

The case of *Logan v. Fitzgerald*, 87 N. C., 308, distinguished and *Simmons v. Davenport*, 140 N. C., 407, approved as to rule that if fuller instructions are desired a request for them must be made.

ACTION tried before *Kerr, J.,* and a jury, at February Term, 1919, of HARNETT.

This is an action to recover the possession of land, for an injunction, and for damages. Defendant disclaimed ownership as to the first tract, but denied plaintiff's title as to the second tract of seventeen acres. The plaintiff claimed the land under a grant from the State, issued on 12 December, 1898, to one James R. Grady, and mesne conveyances from the latter and others to himself. Defendant asserted his right to the land by adverse possession for more than thirty years prior to the date of the grant to J. R. Grady, and he also proved that N. G. Jones conveyed it to J. R. Grady, 7 October, 1862; that John A. Green, sheriff, conveyed it to Geo. W. Pegram by deed dated 1 June, 1877, which was made by him at a sale pursuant to a levy under an execution against Grady. Geo. W. Pegram died, and his executor, John D. Pegram, sold the land, under a power contained in his will, to J. R. Grady for life, with remainder to the children of Mary I. Grady, wife of J. R. Grady, four of whom conveyed their interests as tenants in common to the defendant. The latter also introduced a deed from D. H. McLean, commissioner, to him, dated 8 July, 1911. It was admitted that J. R. Grady resided on the land and occupied it until his death, which occurred 11 June, 1906. Defendant testified that he took possession of the land immediately after receiving his deed from D. H. McLean, commissioner.

The court charged the jury that the plaintiff was entitled to recover the land unless the defendant had satisfied them, by the greater weight

of the testimony, that he and those under whom he claimed or derived his title had been in possession of the land openly, notoriously and adversely for thirty years before the grant was issued to J. R. Grady, which, under the presumption that a grant had theretofore been issued, would take the title out of the State; and further, he must so prove that he and those under whom he claims had held possession of the land adversely, as above defined, for twenty years of said time, or in lieu of such proof, he must show that he and those under whom he claims has so held for twenty-one years under color of title before the State had granted the land to Grady. The verdict was for the defendant, and judgment being entered thereon, plaintiff appealed.

*E. F. Young and Clifford & Townsend for plaintiff.*
*Charles Ross and W. P. Byrd for defendant.*

WALKER, J., after stating the case: The plaintiff reserved but two exceptions—first, that the deed of D. H. McLean, commissioner, to defendant was incompetent, as it did not appear that he had authority to make it, and that it does not appear that it covers this land; and second, that the charge in reference to the possession of the defendant and those under whom he claims was erroneous.

1. We do not see why the recitals in the McLean deed were not competent and sufficient to show his authority to make the deed. *Irvin v. Clark,* 98 N. C., 437. Plaintiff relies on *Barefoot v. Musselwhite,* 153 N. C., 208. It may be that the objection was intended to be directed against the competency of this deed, because the preliminary fact as to the destruction of the record in which it was recorded and which must be shown in order to make it competent was not established. This is not the form or substance of the objection, and it therefore cannot be urged before us. But if it could, we are of the opinion that such fact was sufficiently shown by the defendant. The authority to make the deed, therefore, must be determined by the sufficiency of the recitals. The statement as to those is not very full or explicit, but enough appears to show it. If the recitals were insufficient, the plaintiff should have had them set out in the case so that we might know fully what they are. The burden of showing error is upon him, for in the absence of anything to the contrary we presume that the ruling of the court was correct, and that the necessary facts to support it had been proved. It appears by fair and reasonable inference that the deed of the commissioner was made under a decree in a regularly constituted special proceeding for the sale of the land, in which the heirs of J. R. McLean were the defendants. If the proceeding was irregular, the proper remedy is not by attacking it collaterally but by a motion in the original cause to have

the same set aside. *Rackley v. Roberts,* 147 N. C., 201; *Hargrove v. Wilson,* 148 N. C., 439; *Barefoot v. Musselwhite, supra; Pinnell v. Burroughs,* 168 N. C., 320 (*S. c.,* 172 N. C., 186).

2. The charge of the court was correct, as it appears to have been admitted that J. R. Grady was in possession of the land until his death on 11 June, 1906, and plaintiff therefore could not have had adverse possession for so long a time as seven years, because the defendant took possession about 8 July, 1911, when the deed of D. H. McLean, commissioner, was executed to him. Besides, James R. Grady had but a life estate, and the remaindermen were not affected by the statute of limitations during the period of his life.

We do not overlook *Gilchrist v. Middleton,* 107 N. C., 663, cited and relied on by the defendant, but while admitting the correctness of the rule as to the sources of title and the different kinds of title under which a party may claim, which is there stated to be that he may assert title by adverse possession under color for seven years, where the State has been divested of its title by grant or adverse possession for thirty years, as well as by twenty years of such possession without color, the question at last is, not merely whether that can be done, but whether the plaintiff has brought his case within the rule. No kind of adverse possession will avail the plaintiff unless it was continued long enough to ripen his title, as against this defendant, claiming a remainder after the life estate of J. R. Grady, for during his lifetime his children, from whom defendant derived his title, could not enter, as they had no right to do so, and consequently their right of entry could not be tolled by adverse possession of the plaintiff. It would not do to forbid one to enter upon land and at the same time bar his right, because he did not enter and preserve his right against a trespasser whose possession might have continued for seven years with color or twenty years without, and ripen his imperfect title into a good one. In this case the plaintiff's proof has failed to come up to the standard in the face of his admission that J. R. Grady continued to occupy the land in dispute until his death. *Henley v. Wilson,* 77 N. C., 216; *Todd v. Zachary,* 45 N. C., 286; *Woodlief v. Webster,* 136 N. C., 162; *Joyner v. Futrell, ib.,* 301. The case of *Logan v. Fitzgerald,* 87 N. C., 308, cited by the plaintiff, is not applicable as there the judge merely failed to correctly define adverse possession. If the plaintiff felt that he needed fuller instructions he should have asked for them. *Simmons v. Davenport,* 140 N. C., 407.

It may be that all of the evidence is not set out in the record, or not distinctly so, but as it now appears to us, the principles of law we have stated must govern the case, and when they are correctly applied, as was done by the court below, there can be no error upon the facts found by the jury.